### H. T. FARMER v. W. H. WILLARD.

A sells a tract of land to B, agent of C, taking in payment therefor C's check on a bank in Columbia, S. C., at the same time making C a deed; upon presentation the payment of the check was refused, and B, the agent, duly notified thereof. In this action to recover the value of the check, *Held* that notice of its non-payment to the agent was notice to the principal: *Held further*, that the consideration of the check being land sold in 1865, the jury might ascertain the value of the land in present currency, and return that as their verdict.

*Held also*, that, as C accepted a deed for the land through his agent B, that was a sufficient compliance with the law in relation to frauds and fraudulent conveyances.

(*Hubbard* v. *Troy*, 2 Ired. 134; *Robeson* v. *Brown*, 63 N. C. Rep. 554, cited and approved.)

CIVIL ACTION upon a bill of exchange given in the purchase of a certain tract of land, tried before *Henry, J.*, and a jury, at the Spring Term, 1874, of BUNCOMBE Superior Court.

The following are the facts material to an understanding of the points raised and decided in this Court, as they are contained in the "case settled" and sent up with the record.

The plaintiff sued out his writ 4th April, 1867, under our former system of procedure, and at the return term declared for the value of a certain tract of land and exhibited a bill of exchange, drawn by the defendant on a Bank of Columbia, S. C., for the sum of $80,000. It was in evidence that the defendant had employed one J. D. Hyman as an agent for him, to purchase real estate in Western North Carolina, and had drawn this bill of exchange, dated — day of February, 1865, in favor of his said agent, to make the payments for the lands he, the agent, might purchase.

Hyman, the agent, had purchased of the plaintiff 400 acres of land, and taken a deed on the 8th April, 1865, in the name of the defendant; and had endorsed the bill of exchange with instructions to proceed at once to Charlotte, N. C., and present it for payment, the Bank of Columbia having removed to that

place to escape Sherman's army. The plaintiff presented the bill at the Bank at Charlotte and payment was refused, the officers alleging that they had made a "forced loan" to the Confederate government and had no funds. Immediately thereafter the plaintiff returned to his home and informed Hyman, the agent, of the refusal to pay by Bank, &c. The bill was not protested, it appearing that on account of the confusion and disorder preceding the approach of the Federal army, then hourly expected at Charlotte, no Notary Public or other proper officer could be found; and no notice of its non-payment was ever given to the defendant, Willard.

It also appeared that while the Bank was at Columbia, defendant had a large amount on deposit, sufficient to pay off the debt, &c.; it did not appear that after the removal to Charlotte and after the occupation of that place by the United States Troops, the business of the bank was carried on.

The Court instructed the jury to find: 1st, Whether the check had been presented according to the instructions of the agent, Hyman, for payment, and if payment thereof had been refused ;

2d. The value of the land sold.

The jury found both issues for the plaintiff, and assessed the value of the land at $2,000. The plaintiff desired another issue submitted to the jury, which the Court refused, viz: whether the defendant had sufficient funds in the Bank at the time the check was presented to pay it. The defendant contended that if the plaintiff abandoned the check and declared for the value of the land, he could not recover, because there was no memorandum in writing of sale or of promise to pay. His Honor was of a contrary opinion and ruled otherwise.

There was a judgment for the plaintiff in accordance with the verdict for $2,000, from which judgment defendant appealed.

*Fuller & Ashe,* for appellant.
No counsel *contra* in this Court.

BYNUM, J.  Hyman was the agent of Willard to purchase land, and it was his duty to reduce the bill of exchange to cash and with it to pay for the land purchased.  Instead of doing this himself, he passed the bill of exchange to the plaintiff with instructions to present it to the Bank at once.  The plaintiff followed the instructions and duly notified the agent of the non-payment.

Notice to the agent was notice to the principal.  If there was laches it was on the part of the agent in not duly notifying the drawer of the dishonor of the bill, but with this cause of quarrel between principal and agent, the plaintiff has no concern.  His cause of action arose on the non-payment when he presented it according to his instructions and gave notice thereof.  *Hubbard* v. *Troy*, 2 Ired., 134.

It was objected that the plaintiff could not recover the value of the land, because there was no note or memorandum in writing, given by the party to be charged.  But if this case fell within the operation of the statute of frauds, the case shows that a deed for the land was made to and accepted by the defendant through his agent, and this would be a compliance with the statute.  Certainly when the defendant purchased and took a deed for the land, he was bound to the plaintiff for the purchase money, and the action was properly brought on the evidence of debt, to wit, the bill of exchange.  It being a Confederate debt, it was competent for the plaintiff to show what was the consideration of the contract, and it was the duty of the jury to determine the value of the contract in present currency.  Bat. Rev., ch. 34, sec. 7.  *Robeson* v. *Brown*, 63 N. C., 554, and subsequent cases.  The consideration of the bill was land, and the jury, by their verdict, have ascertained its value in the present currency.

There is no error.

PER CURIAM.                              Judgment affirmed.