T. T. GRANDY v. J. K. ABBOTT and others.

*Evidence—Agency—Payment.*

A executed a note to plaintiff. To secure this and other debts A conveyed a tract of land, by deed in trust, to B as trustee. Afterwards B, as attorney for plaintiff, having the note in his hands for collection, it was agreed between A and B that B should borrow for A, a sum of money sufficient for the payment of the note, from C, which was done. To secure this debt to C, A executed another deed in trust conveying the same tract of land to B. On this deed was an endorsement signed only by A, the deed and endorsement being registered together. A's note to plaintiff was delivered to A, by B, after he had received the money from C. This action was brought by plaintiff against the executors of both A and B, who had died before the action was com-

3

menced, and also against C, for the recovery of the amount alleged to be due on A's note, and for the sale of the said tract of land for payment thereof. The executors of A have the note in possession, and their defence is that it was paid to the trustee and attorney for plaintiff by their testator with the money thus borrowed from C. The payment thus relied on was the only issue submitted to the jury.

*Held* 1st, that the last mentioned deed in trust and the endorsement thereon were admissible in evidence against plaintiff and in favor of defendants in this issue ; 2nd, that it was not error in the Court to instruct the jury that if it was agreed between A and B as attorney for plaintiff, that B should borrow the money from C and apply it to the payment of A's note, as soon as the money was thus received by B from C, it was *eo instanti* applied in extinguishment of the note.

(*Claywell* v. *McGimpsey*, 4 Dev., 89, and *Right* v. *Harrison*, 81 N. C., 208, and 86 N. C., 190, cited and approved).

CIVIL ACTION, tried at Spring Term, 1884, of Superior Court for CAMDEN county, before *Gudger, J.*

The facts are stated in the opinion of the Court.

Verdict and judgment for defendants, from which plaintiff appealed.

*Messrs. Gatling & Whitaker* and *Pruden & Vann,* for plaintiff.

*Messrs. Grandy & Aydlett, Fuller & Snow* and *E. C. Smith,* for defendants.

SMITH, C. J.: William K. Abbott, the testator of the defendants, John R. Abbott and Alfred Abbott, being largely in debt to the plaintiff, and under an arrangement for compromise, on March 1st, 1867, executed to him a note under seal in the sum of $4,537.40 payable in equal parts in the three years next ensuing with interest from date, and to secure the same and certain other debts therein recited, by deed made on the same day, conveyed a valuable tract of land to William F. Martin, with the usual provisions for sale in case of default. Among the debts thus secured is one due the trustee himself. Some payments have been made by the testator which are endorsed as credits on

the plaintiff's note. The trustee died in January, 1880, and Abbott, the debtor, in September or October of the following year, each leaving a will. Their executors and devisees, with C. M. Wood, are defendants in the present action, the object of which is to recover judgment for the residue claimed to be due the plaintiff on said note, and for a foreclosure and sale of the land in order to its discharge. The other secured debts have been paid, as is admitted in the pleadings. The executors of the debtor have possession of the note and their defence is that it was paid by the testator in his life-time to the trustee, who as the plaintiff's attorney, had the note in his hands for collection and surrendered it to the debtor.

The sole controversy, as the case is presented in the appeal, is as to the truth of this allegation in defence, and it was embodied in an issue submitted to the jury followed by an affirmative finding. Thereupon judgment was rendered for the defendant, and the plaintiff appealed. Upon trial, testimony was offered by the defendant's executors, which the plaintiff admitted to be true, that the said W. F. Martin, at the request of the testator, W. R. Abbott, effected a loan and borrowed from the defendant, C. M. Wood, a sum of money for the purpose of paying and more than sufficient to pay, the debt due the plaintiff, and now in suit: that the note under seal dated on July 1, 1879, executed to C. M. Wood and secured by a conveyance of the same land to the same trustee and upon similar trusts, was for the money to be used in payment of the plaintiff's debt. The former note bears an endorsement dated July 1, 1879, by the said Martin, acting for and in the name of the plaintiff, to the lender, but it did not leave his possession.

Sometime in October the testator came to the office of said Martin, who directed the witness, his son, to get the note from the safe and hand it to Abbott, remarking that he had received money enough to pay it and some other notes.

The deed of July 1, 1879, which secures the larger note given for money borrowed of C. M. Wood, was proved and admitted

to registration on October 4th of that year. Annexed. is an exhibit C, with the signature of said Abbott alone, in these words :.

"This trust is made as a renewal of the trust to Wm. F. Martin, dated March 1, 1867, Mrs. Wood having advanced the money to take up the notes secured in trust of March 1, 1867, or so much as was due on same, except the notes payable to D. Pritchard, Matchet Taylor, which have been paid by me and said notes and trusts assigned to Mrs. Wood and to be held by her to be good and valid until the note secured in this is paid, when both trusts are to be cancelled and notes surrendered. Witness my hand and seal this July 1st, 1879.

WM. R. ABBOTT, (Seal).

Witness, R. B. MARTIN."

The introduction in evidence of the deed in trust, and this appended part, which were registered as one instrument, was allowed, after objection, and this is the subject of the first exception of the plaintiff.

Aside from the competency of the deed as evidence of its own existence against all persons, while its recitals are evidence only against parties and privies, as held in *Claywell* v. *McGimpsey*, 4 Dev. 89, the deed is referred to in the complaint and its material provisions set out with the superadded words "as in and by said deed, or a certified copy thereof to which the plaintiff craves leave to refer for the particulars thereof, when produced will appear."

The production of the deed, when its contents are thus introduced in the complaint for greater certainty as to its terms, and the original by reference incorporated in the complaint and made part of it, cannot surely afford any just ground of exception to the plaintiff.

The plaintiff requested two instructions to be given to the jury, the second only of which was refused, and is in these words:

(2). If the jury find that William F. Martin was the attorney of Mrs. Wood to lend money, of Abbott to borrow money, and

·of the plaintiff to collect money from Abbott, and while occupy-
ing that triple relation he received from her, the lender, it did not
.amount to a payment of the note due the plaintiff unless there
was a special application to said debt, even though Mrs. Wood
.and Abbott both understood it was to be used to pay that note.

After giving the first instructions asked instead of that rejected,
the jury were charged:

"1. That if, at Abbott's request, Martin borrowed the money
from Mrs. Wood to pay the note sued on, then to the extent of
the money so received by Martin it was a payment, and the pay-
ment was complete whether Martin paid the money over to
Grandy or not. You are to consider all the relations of the par-
ties and determine from the evidence whether Martin was the agent
·of all three, whether he was acting in a double or triple capacity.
If Abbott directed that the money he borrowed from Mrs. Wood
to pay on his debt to the plaintiff, and Martin so received it, it
was a payment.

"The burden of showing the payment rests on the defendants.
Abbott had the right to direct the application of the money so
borrowed, if it was so borrowed. If the jury find as a fact that
the money was paid to Martin as agent of the plaintiff, they will
say the note has been paid. When the simple relation of debtor
.and creditor exists and the same person represents both, the one to
pay and the other to receive, the possession of money that ought
to be applied to the debt is in law thus applied. When a person
is clothed with a double capacity, and a balance remains after a
full execution of the one trust, it belongs to the other, and the
law makes the application."

The plaintiff's exceptions embrace the refusal to give the direc-
tion asked and the directions that were given.

If the facts conceded rendered the denied instruction appro-
priate, or those given were calculated to mislead the jury, we should
be disposed to set aside the verdict and give the plaintiffs another
trial. While the general rule laid down in *Ruffin* v. *Harrison*,

81 N. C., 208, and reiterated upon the rehearing, 86 N. C., 190,. is that when one and the same person representatively becomes both debtor and creditor, and it becomes his legal duty to appropriate funds received in the former capacity to claims held in the latter, the law deems to be done what ought to be done, because there is no superior to enforce the appropriation. But the principle does not extend to the case of an agent of several principals, one of whom owes the other, since they can respectively control and direct in the execution of the several agencies, and as the agent is responsible to each principal for moneys coming into his hands by virtue of his authority only as the agent of such principal, the law will not imply a payment from the mere possession of funds of the debtor, nor change his obligation therefor.

But it was correct to tell the jury that if the money was borrowed by and for the debtor Abbott, under an express arrangement that it should be for the discharge of the debt of the plaintiff, which the attorney then held for the purpose of collection by the plaintiff's authority, the debtor has the right to consider the appropriation made as soon as the money sufficient to discharge the claim was thus raised upon his credit. In this the contract is between the debtor and the attorney and agent of the plaintiff, acting in this for his creditor principal. The case is not unlike one in which a debtor places claims against other persons in the hands of the creditor or of his collecting agent, under an agreement that any money derived from the claims shall go in discharge of the debt. If moneys sufficient are thus received they are *eo instanti* applied in extinguishment of the debt, precisely as if the debtor had paid the money, for he does thus pay the money as soon as it passes into the hands of the collecting agent, and must be deemed to be thus applied. Such are in substance the facts in the present case.

The money obtained on the loan belonged to Abbott, and not only with his consent, but under an agreement as to its disposi-- tion, was to be used in payment of the plaintiff's note, and the

surrender of the note was but the recognition of the agreement and its complete execution.

The instructions complained of must be interpreted in their relation to the admitted facts, and do not go beyond the rule when thus understood and applied. Nor were there such facts as entitled the plaintiff to the instruction refused. It is not a case where there is no agreed management for the disposal of funds, and the party in possession exercises a threefold agency. There was an agreement between debtor and creditor as to the appropriation of the money, and it can make no difference that the loan was effected through the instrumentality of Martin. He acted as agent for the plaintiff in agreeing to receive the money and as such he made the application under a contract which Abbott did not, and perhaps could not at will recall.

The endorsement seems to have been intended to preserve the note for the benefit of the lender, until consummation of the arrangement for securing the large debt by a registration of the deed, which took place in October, and then it was returned to the debtor. This, in no manner, aids the plaintiff, since his agent for him received full payment.

No error. Affirmed.