## MILLHISER v. MARR.

(Filed May 23, 1901.)

PAYMENT—*Attorney and Client—Contract.*

Where attorney of plaintiff came into possession of money belonging to defendant, and it was agreed by defendant and the attorney that the money should be paid to the plaintiff, agreement constituted payment to plaintiff.

ACTION by M. Millhiser, G. Millhiser, E. Millhiser, S. Hirsh, trading as M. Millhiser, against L. Lee Marr, W. T. Conley, M. E. Conley, trading as L. Lee Marr & Co., and R. L. Leatherwood, heard by Judge O. H. Allen and a jury, at Fall Term, 1900, of the Superior Court of SWAIN County.

This action was brought to recover the balance on an account alleged to be due plaintiffs by defendants. It was in evidence and uncontradicted that some time in the year 1896 a statement of the account against defendants and in favor of plaintiffs was sent to one R. L. Leatherwood, an attorney, for collection. It was further in evidence that W. T. Conley was the authorized agent of M. B. Conley & Co., who were the members of or successors to the firm of L. Lee Marr & Co. There was evidence tending to prove that, after receiving the account of Millhiser & Co., against Marr & Co., and while the same was in his hands for collection, the said Leatherwood was attorney for one W. W. Ladd, Jr., who was defendant in certain actions for the enforcement of certain liens filed against the property of said Ladd; and that under and by virtue of a certain agreement of compromise, entered into between the said Ladd and the lienors for the payment of the liens so filed, a certain sum of money, to-wit, $1,000, was placed in bank to the credit of said Leatherwood for the purpose of carrying out the terms of said

agreement. There was also evidence, uncontroverted, show-
ing that certain of the liens so filed as above stated were
assigned by the lienors to W. T. Conley.

W. T. Conley testified that Leatherwood came to him and
asked him to release the lumber upon which· were the liens
assigned to him, stating that he, Leatherwood, would pay
him, Conley, the amount of said liens, as he had the money
deposited to his credit for that purpose. Witness further
testified that he did allow the said Leatherwood to remove
certain of the liens assigned to him, with the express under-
standing that the money due thereon should be applied to
the payment of the Millhiser indebtedness. That that amount
of liens so removed was in excess of said indebtedness to
said Millhiser & Co. That witness, Conley, immediately
thereafter went to the office of said attorney, Leatherwood,
and requested payment for said liens, telling him, Leather-
wood, at the same time, he wished to apply same to settle
the Millhiser account, then in his, Leatherwood's, hands.
Whereupon, he, Conley, was told by Leatherwood that the
money was in bank to his credit, and that, instead of giving
him, Conley, a check and letting him endorse same back
to him, that he, Leatherwood, would send his check to Mill-
hiser & Co. in settlement of their account. Witness further
states, that he accepted this proposition as satisfactory, and
relying upon such statement as made to him, that the money
was in the bank to the credit of Leatherwood, for the express
purpose of paying off said liens, considered the matter set-
tled. Witness further testified, that he requested said
Leatherwood to give him a receipt against the Millhiser
claim, and, in reply, Leatherwood told witness that at that
time he was busy, but would give him the receipt in a short
time, and afterwards refused, because he said Ladd & Co.
had drawn the money out of bank and Millhiser would be
after him for the money.

There was other evidence tending to show the agreement of Conley and Leatherwood as to matters above set out. The debt of Millhiser & Co. was admitted to be due and unpaid unless the transaction above set forth is a payment.

His Honor charged the jury that the agreement between Conley and Leatherwood, as attorney for Ladd & Co., did not constitute a payment of money to the attorney for the plaintiffs under instructions.

From a judgment for the plaintiffs, the defendants appealed.

*A. M. Fry,* for the plaintiffs.
*Bryson & Black,* for the defendants.

Cook, J., after stating the case. In so charging the jury we think his Honor erred. Leatherwood was the attorney of plaintiffs, and had authority to receive payment of their debt due by defendants. He stood in their shoes and was the creditor for that purpose. A tender by the debtor and acceptance by the creditor completed the payment. In this case the plaintiff's attorney had in his possession money belonging to defendants immediately upon the execution of their agreement about the Ladd debt by the relinquishment of the liens the defendants held upon Ladd's property, which defendants had a right to have paid to them, *eo instanti;* for it did not belong to plaintiffs except upon the consent of defendants. *Dominium non acquisitur nisi corpore et animo.* But it was thereupon agreed between Leatherwood and Conley that he, Leatherwood, should appropriate that sum in settlement of plaintiffs' debt. Defendants had then done all that was necessary upon their part, *"corpore et animo,"* in order to make a valid payment; the money to be paid was in his hands, and they intended, and so expressly stated, that it should be paid over to the plaintiffs in extin-

guishment of that debt, and the transaction became complete upon the agreement of Leatherwood to accept it as such. It is true that the money was not actually handed to Conley, but its physical control was not necessary. For Leatherwood to give a check and have Conley to draw the money out of the bank and bring it to him, and he then to place it back into bank and send his clients a check for it, would have been simply useless and idle—equivalent to swapping dollars, or taking money from one pocket and putting it into another. Having agreed as to the appropriation of the money to plaintiff's debt, Conley asked for a receipt, which he agreed to give, but was too busy just then to do so. It is clear that this completed the payment. Upon what principle of law could Conley have then recovered the money back from Leatherwood, should he have changed his mind?

In what way Ladd drew the money out of the bank does not appear; but does not concern defendants. Under their agreement with Leatherwood, who had it in bank to his credit, it had been appropriated for the payment of plaintiff's debt, and if by negligence or otherwise upon the part of the attorney or bank, Ladd got hold of the money, plaintiff must look to them and not to defendants. Plaintiffs were acting through their agents, having placed in him authority and trust, and are bound by his acts in dealing with defendants. In no sense was he the agent of the defendants, and they lost all control over, right to, and responsibility for the money when he agreed to, and did accept it, in payment of his client's debt.

Error.