## MILLHISER v. MARR.

(Filed June 13, 1902.)

PAYMENT—*Attorney and Client—Agency—Contracts.*

> Where the attorney of the plaintiff comes into the possession of money belonging to the defendant and the jury finds that the defendant and attorney agreed that the money should be paid on the debt of the plaintiff, this agreement constitutes payment to the plaintiff.

ACTION by H. Millhiser & Co. against L. Lee Marr & Co., heard by Judge *G. A. Jones* and a jury, at October Term, 1901, of the Superior Court of SWAIN County. From a judgment for the defendant, the plaintiff appealed.

*A. M. Fry,* for the plaintiff.
*Bryson & Black,* for the defendant.

COOK, J. During the year 1895 plaintiffs sold and deliv-

ered to defendants goods to the amount of about one thousand dollars, and afterwards defendants paid something like two or three hundred dollars upon the debt. About March, 1896, the account was placed by plaintiffs in the hands of Mr. Leatherwood, an attorney, for collection. W. T. Conley (husband of M. E. Conley, one of the members of defendant firm) held some liens against the lumber of Coffin & McDonald and caused the Sheriff to levy the same upon a quantity of lumber lying in the lumber yard of said Coffin & McDonald. Said lumber so levied upon was claimed by one Ladd as his property. Mr. Leatherwood was also the attorney of said Ladd. Defendants contend that an agreement was entered into between W. T. Conley and Leatherwood, attorney for Ladd (and also for plaintiffs), by the express terms of which Leatherwood, attorney for Ladd, would pay off Conley's liens upon the lumber, and Conley would release them and allow the proceeds to be retained by Leatherwood and applied to the payment of plaintiff's account; that Leatherwood told Conley that Ladd had placed to his credit in bank $1,000, with which to pay off said liens. Conley then released his liens, and Leatherwood said, instead of giving you (Conley) his check and having Conley to endorse it back to him, he would send a check or the money to plaintiffs. Next morning when Conley applied to him for a receipt for the plaintiff's debt, he said he was busy at that time, but would give the receipt later; and in a few days afterwards Leatherwood said they had drawn out the money and left him in a hole for $800 and never gave the receipt.

Plaintiffs contend that this is not true; that Leatherwood did not say that he had the money in bank; and that he did not have the money in bank to his credit so placed by Ladd for such purpose, and that the money did not go into Leatherwood's hands as their attorney.

There was evidence, if believed by the jury, to establish

plaintiff's contention; and, also, evidence upon behalf of defendants to establish theirs. So it was a question of fact to be found by the jury, and for their verdict they found that defendants owed plaintiffs nothing, thus establishing defendants' contention.

His honor committed no error in holding at the close of the evidence that all there was in the case was whether or not the $1,000 had been placed in the bank to the credit of Mr. Leatherwood to pay off the liens. There is no suggestion that Mr. Leatherwood misapplied the fund, but it is admitted that he did not do so. Under the decision of this Court (*Millhiser v. Marr,* 128 N. C., 318) it is held that plaintiffs' debt against defendants was settled when W. T. Conley released his liens and agreed that his money in Leatherwood's hands should be applied to that purpose.

We will not further discuss the case, as the same principle is now presented which was there decided. The exceptions taken by plaintiffs were properly overruled, and the judgment of the Court below is

Affirmed.