JAMES M. BAILEY v. J. C. BISHOP.

(Filed 20 April, 1910.)

**Contracts—Principal and Agent—Ratification—Cities and Towns—Easement—Liability Imposed by Third Person.**

> Defendant having a body of land north of Greensboro, desired the extension of a public street through his property, and, at his instance, plaintiff, who owned a lot between the town and defendant's property, was induced to join in the application for such extension. When the matter came on for decision plaintiff was absent, but submitted a written proposition as to the terms upon which he would grant the city a right of way through his lot. The municipal board having rejected plaintiff's proposition, defendant, who was present, without authority from plaintiff, agreed with the authorities for a right of way through both properties on payment by the city to defendant of $1,500, defendant agreeing to pay all costs and charges against abutting owners. Later, defendant told plaintiff of his agreement, saying he had agreed to bear all the costs, and plaintiff thereupon ratified defendant's action, conveyed the right of way: *Held,* that on the facts stated a primary liability was created against defendant for the costs lawfully imposed upon abutting owners, and plaintiff, having been compelled by the city to pay his *pro rata* of the costs of paving the sidewalk through his property, was entitled to recover said sum of defendant.

APPEAL from *W. G. Ward, J.,* at January Term, 1910, of GUILFORD.

Civil action, heard on appeal from a justice's court. There was evidence on the part of plaintiff tending to show, in substance, that defendant owned a body of land lying north of the city of Greensboro, or in the northern part of the city, and desired to have an extension of Elm Street through his property; that plaintiff owned a lot lying in front of defendant's land, making it necessary for the proposed extension to run through or take a part of plaintiff's lot; that plaintiff, having to be out of the city when the matter was considered, submitted

BAILEY *v.* BISHOP.

his proposition in writing to the city authorities, to the effect that he would give the right of way to the extent of eight feet through one side of his lot in consideration of $160, a conveyance of ten feet by the city in rear of plaintiff's lot, and that the sidewalk and street of the proposed extension should be macadamized and paved along the entire length of plaintiff's lot without any cost to him. Defendant attended the meeting in person, and the aldermen having declined to extend the street on the terms proposed, defendant thereupon, ignoring plaintiff's proposition, for the sum of $1,500 agreed to deed the city a right of way for the entire length, including the portion through plaintiff's lot. When plaintiff returned to the city defendant told him that he couldn't get the street on the terms desired, and that he, defendant, had stipulated for the entire right of way, and to stand between plaintiff and any and all cost, etc. This statement appears in different forms in plaintiff's evidence, thus:

"A. He said he would become responsible for the paving and macadamizing so that he could get the street, and says, 'You must help me out some.'

"Q. Didn't say, 'We will have to assume the paving just like the property-owners on the other streets'?

"A. Said that the city would not agree to do the paving, and he had to agree to do it in order to get the street.

"Q. That agreement to pave and macadamize should have been with the city. Mr. Bishop didn't promise to pave your sidewalk?

"A. All he said was that he had agreed to do the paving on all the street."

Plaintiff, in recognition of defendant's agreement, conveyed to defendant the eight feet to enable defendant to comply with his agreement to acquire for the city the entire right of way, etc., etc. The street was extended, and the city compelled plaintiff, under the terms and provisions of the charter, to pave the sidewalk at a cost of $141, for which sum the present suit was brought.

Defendant admitted that he had contracted with the city for the entire right of way, in disregard of the proposition submitted by plaintiff, and had received $1,500 for said right of way, but denied that he had made any promise or agreement to save plaintiff harmless, etc.

There was other testimony on the issue, but none relevant to the question presented on appeal.

Verdict for plaintiff; judgment, and defendant excepted and appealed.

*Morehead & Sapp* for plaintiff.
*T. J. Murphy* for defendant.

HOKE, J., after stating the case:  On exceptions formally noted, defendant objects to the validity of this recovery, chiefly by reason of the statute of frauds, requiring contracts concerning land to be in writing; but, on the facts presented in the record, the position cannot be sustained.  This statute applies to contracts when and to the extent that they are executory, and where it appears that every feature of the transaction coming within the purview of the statute has been executed, its provisions no longer affect the matter.  *Hall v. Fisher,* 126 N. C., 205.  And so it is here.  The right of way has been conveyed to the city, the paving has been done, and the issue between these parties, so far as the statute of frauds is concerned, involves only a moneyed demand, coming within the doctrine as declared in *Bourne v. Sherrill,* 143 N. C., 381, and that class of cases; and on the facts presented to be determined under the general principles of *indebitatus assumpsit.*

The evidence of the defendant is not more fully set out, for the reason that the jury have accepted the plaintiff's version of the occurrence, an excerpt from which is given in the statement of facts; and, considering the case in that aspect, when the defendant stipulated with the city authorities for the entire right of way, including the portion through plaintiff's land, and agreed that if the street was opened, "he would stand between plaintiff and all costs; that he had agreed to do the paving," such agreement established a primary liability for such cost on the part of defendant, and the plaintiff, having been compelled by the authorities to pave and pay for the sidewalk, an obligation arose on the part of defendant to reimburse plaintiff; and this is the claim recovered in the present suit.

The subsequent conveyance of the right of way by plaintiff and ratification of defendant's action would create a privity between them in reference to this transaction, but on authority no such privity is required to the validity of plaintiff's demand. In Keener on Quasi Contracts, at page 396, the doctrine is stated thus:

"The question of allowing a plaintiff to recover from a defendant for the payment of a claim existing in fact against himself, may arise in a case where the plaintiff and the defendant sustained to each other the relationship of principal and surety, or that of cosureties, or it may arise where the parties are strangers to each other with reference to the transaction in question.

152—25

"It may be stated as a general proposition, that a plaintiff can recover against a defendant as for money paid to his use to the extent that the claim paid by the plaintiff should have been paid by the defendant. Thus, it was held in *Brown v. Hodgson* that the plaintiffs, common carriers, who by mistake delivered to the defendant goods consigned to another, could recover from the defendant the amount of money which they were compelled to pay the consignee of the goods in consequence of the defend- ant having appropriated the goods to his own use. *Mansfield, C. J.*, said: 'The plaintiffs pay Payne on account of these goods being wrongfully detained by Hodgson. They paid the value to the person to whom both they and Payne were bound to pay; and this, therefore, is not the case of a man officiously and without reason paying money for another; and therefore the action may be supported.' "

And the statement is supported by many well-considered deci- sions of the courts. *San Gabriel v. Whitmer Co.*, 96 Cal., 623; *Nutter v. Sydenstucker*, 11 W. Va., 535. In the California case it was held: "Where a plaintiff, either by compulsion of law, or to relieve himself from liability, or to save himself from damage, has paid money, not officiously, which the defendant ought to have paid, a count in *assumpsit* for money paid will be supported. In such case the law implies a request on the part of the defendant and a promise to repay, and the plaintiff has the same right of action as if he had paid the money at the defendant's express request."

And in *Nutter v. Sydenstucker, supra:* "In general, where the plaintiff shows that he either by compulsion of law, or to relieve himself from liability, or to save himself from damage, has paid money which the defendant ought to have paid, the count for money paid will be supported."

And the same general principle was declared and upheld by our own Court in *R. R. v. R. R.*, 147 N. C., 368-386.

There is no error in the proceedings below, and the judgment in plaintiff's favor must be affirmed.

No error.