SAMUEL L. ALLEN AND WIFE, LAURA V. ALLEN, v. A. SHIFFMAN.

(Filed 22 November, 1916.)

**Attorney and Client—Evidence—Confidential Communications.**

> Communications which an attorney may not testify to against the interest of his client are those of a confidential nature in relation to his employment, and not such as the attorney knows independently from transacting his client's affairs, as in effecting a compromise of a former action in which attorneys for both sides and the parties were present; and in order to give such testimony the attorney may withdraw from a pending trial, upon considering that his client's testimony as to such compromise reflected upon his integrity.

CIVIL ACTION tried before *Cline, J.,* and a jury, at February Term, 1916, of GUILFORD.

The action was to recover the penalty for taking and receiving usurious interest in transactions had between male plaintiff and defendant. On denial of liability and issues submitted, the jury rendered the following verdict:

1. Did the defendant knowingly take from the plaintiff, and did the plaintiffs pay to the defendant, any amount in excess of the interest allowed by law, as alleged in the complaint, and if so, what amount? Answer: "No."

2. Did the defendant pay to the plaintiffs, and did they accept the sum of $100 and release the defendant from liability on account of the usurious transaction, as alleged in the answer? Answer: (Not answered by the jury.)

Judgment on the verdict, and plaintiff excepted and appealed.

*W. J. Sherrod and R. C. Strudwick for plaintiff.*
*Stern & Swift and Wilson & Ferguson for defendant.*

HOKE, J. The only objection insisted on to the validity of the trial was the reception of the testimony of C. C. Frazier, Esq., appearing in the present case as attorney for the defendant.

The usury alleged as the basis of the present suit was to some extent involved in a former case between these same parties which had been settled by compromise at August Term, 1912, of said court, in which transaction the witness had appeared as attorney for the plaintiff. In the present trial the attorney, considering that his position was to some extent reflected on in the testimony of the plaintiff, was allowed to withdraw from the case as attorney and become a witness for defendant. Plaintiff objected to certain portions of the witness's testimony, on the ground that it was in violation of the accepted principle which forbids disclosure of "confidential communications between the attorney and

client." The position is fully recognized, but it only extends to communications in the course of the attorney's employment and which may properly be regarded as confidential in their nature, and, so far as we can see, on careful perusal of the record, the only facts spoken to, having any significance on the issue, were concerning a compromise in adjustment of a former suit between these parties which was effected between the witness, who was then appearing as attorney for the present plaintiff, and David Stern, Esq., now deceased, who then represented the defendant, at which both of the parties litigant were apparently present and of which all of them were fully cognizant. The facts of such an occurrence could, in no sense, be considered confidential communications within the meaning of the principle, and the exception, therefore, must be overruled. An objection very similar was disallowed in *R. R. v. R. R.*, 147 N. C., pp. 368-388, and, speaking to the position, the Court said: "The objection to the testimony of one who had been of counsel for Howland, the original lessee, as to the fact that the Ives contract was mentioned and referred to at the time of taking the lease is without merit. This was a fact necessarily known to both parties, brought out during their negotiations concerning the lease, and could in no sense be considered a confidential communication. Weeks on Attorneys, 289; Wigmore Evidence, 2311, 2312; 23 A. and E., 67; *Elliott v. Elliott,* 92 N. W., 1008, citing with approval *Hills v. State,* 61 Neb., 598, reported in 57 L. R. A., 155." And, in *Dearsier v. Walkup,* 43 Mo. App., 625, it was held: "Professional communications between attorney and client are protected from motives of public policy, but the rule will not apply where the transaction shows the matter was not private, and could not in any sense be termed the subject of a confidential disclosure, as when, like this case, the disclosure was made in the presence of the opposite party."

There is no error, and the judgment for the defendant is affirmed.

No error.