CONCRETE STEEL COMPANY v. W. P. ROSE ET AL.

(Filed 25 September, 1929.)

**Appeal and Error J e—Where ruling excepted to does not harm appellant a new trial will not be granted.**

A new trial will not be granted on appeal when the action of the trial judge excepted to can by no possibility injure the appellant.

APPEAL by defendant, W. P. Rose, from *Grady, J.,* at April Term, 1929, of WAYNE.

Civil action to recover for steel fabricated by plaintiff and sold to the contractor for use in the construction of the Wilson County courthouse.

It is conceded that the general contractor, W. P. Rose, is liable to the plaintiff for the value of the steel fabricated and used in the construction of said courthouse. The only question in dispute is whether the plaintiff is liable to the contractor on his counterclaim for damages sustained by him on account of a change in the plans, necessitating less steel and more concrete than called for in the original drawings, which change was approved by the supervising architect, F. A. Bishop. The general contractor alleges that he was not notified of the change until it was too late to protect himself from loss. The trial court was of the opinion, and so held, that any claim which the general contractor may have for additional concrete would not be chargeable against the plaintiff, and rendered judgment accordingly.

No cause of action being stated against the other defendants, demurrers interposed by them were sustained.

The defendant, W. P. Rose, appeals, assigning errors.

*Langston, Allen & Taylor for plaintiff.*
*Kenneth C. Royall and W. A. Finch for defendant.*

PER CURIAM. Conceding, without deciding, that the judgment may have been irregularly entered, still it appears that the correct result has

been reached, and no harm can come from allowing the judgment to stand. Such was the course pursued in *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32. It would seem that as the appealing defendant is not entitled to recover against the plaintiff on his counterclaim, any error committed on the trial was harmless. *Cherry v. Canal Co.,* 140 N. C., 422, 53 S. E., 138. "A new trial will not be granted when the action of the trial judge, even if erroneous, could by no possibility injure the appellant." *Butts v. Screws,* 95 N. C., 215.

The action of the trial court in dismissing the counterclaim and awarding judgment in favor of the plaintiff will be upheld.

Affirmed.