·COMMISSIONER OF BANKS, EX REL. FARMERS AND MERCHANTS BANK, v. W. B. HARVEY AND HIS WIFE, NANNIE L. HARVEY.

(Filed 16 March, 1932.)

**Banks and Banking H e—Action on note which is part of insolvent bank's assets must be brought in name of the Commissioner of Banks.**

An action on a note payable to a bank since becoming insolvent and placed in the hands of the Commissioner of Banks must be brought in the name of the person holding the office of Commissioner of Banks as such officer, as otherwise confusion might arise on the officer's official

bond, and where the action is brought in the name of the office only, the judgment of the lower court overruling the defendant's demurrer will be reversed, and upon receipt of the certificate of reversal, C. S., 1417, the lower court may allow an amendment of the summons and complaint in accordance with the opinion, C. S., 515, 547.

APPEAL by defendant, Nannie L. Harvey, from *Devin, J.,* at November Term, 1931, of LENOIR. Reversed.

This is an action on a note executed by the defendant, W. B. Harvey, and endorsed before delivery, by the defendant, Nannie L. Harvey. The note is payable to the order of the Farmers and Merchants Bank of Kinston, N. C., and was due and payable on 19 June, 1931. No payments have been made on said note by either of the defendants. There is now due thereon the sum of $1,250, with interest from 19 June, 1931.

On 30 April, 1931, the Farmers and Merchants Bank was closed by order of the Commissioner of Banks of North Carolina. Its assets, including the note sued on in this action, are now in the hands of a liquidating agent appointed by the Commissioner of Banks, under statutory authority.

This action was begun on 24 August, 1931, by the Commissioner of Banks, on the relation of the Farmers and Merchants Bank.

The defendant, Nannie L. Harvey, demurred to the complaint on the ground that there is a defect of parties plaintiff, for that the Commissioner of Banks is not a party to the action, as appears from the complaint.

The action was heard on the issue of law raised by the demurrer. The demurrer was overruled.

From judgment overruling the demurrer, the defendant, Nannie L. Harvey, appealed to the Supreme Court.

*Wallace & White and Assistant Attorney-General Seawell for plaintiff.*
*Rouse & Rouse for defendant.*

CONNOR, J. The issue of law raised by the demurrer to the complaint in this action is whether the action on the note set out in the complaint can be maintained in the name of the "Commissioner of Banks, *Ex rel.* Farmers and Merchants Bank." It is contended by the defendant, Nannie L. Harvey, that on the facts alleged in the complaint, the action can be maintained only by the person now holding the office of Commissioner of Banks. This contention was not sustained by the judge of the Superior Court, who overruled the demurrer. In this there was error. The demurrer should have been sustained.

Chapter 243, Public Laws of North Carolina, 1931, is entitled, "An act to create the office of Commissioner of Banks, and to provide for the

maintenance of the Banking Department." It is provided therein that on or before 1 April, 1931, and quadrennially thereafter, the Governor, with the advice and consent of the Senate, shall appoint a Commissioner of Banks, who shall hold his office for a term of four years. It is further provided that the Commissioner of Banks, before entering upon the discharge of his duties, shall enter into bond, with some surety company authorized to do business in the State of North Carolina, as his surety, in the sum of not less than fifty thousand dollars, conditioned upon the faithful and honest discharge of all duties and obligations imposed upon him by statute.

Among the duties imposed by statute upon the Commissioner of Banks is that of taking possession of and liquidating insolvent banking corporations organized under the laws of this State. To that end, he is authorized by statute to take possession of all the assets of an insolvent banking corporation, and to collect the same, by suit or otherwise. Actions to collect notes which pass into his possession as assets of the corporation, must be brought by him, as Commissioner of Banks. Otherwise some question might arise as to the liability of the Commissioner of Banks under his official bond, for his defaults, if any, in the liquidation of an insolvent banking corporation.

The judgment is reversed. Upon the certification of this decision to the Superior Court of Lenoir County (C. S., 1417) the summons and complaint may be amended in accordance with this opinion. C. S., 515 and C. S., 547.

Reversed.