LESSIE WEATHERMAN, Administratrix of C. B. WEATHERMAN,
Deceased, v. H. F. RAMSEY.

(Filed 31 October, 1934.)

1. **Automobiles D a—Owner may not ordinarily be held liable for injury to guest of person who borrows the car for his own pleasure.**

   Where all the evidence tends to show that plaintiff's intestate was killed in an accident while riding in an automobile owned by defendant, but that at the time of the accident the car was being driven by a person to whom defendant had loaned the car and who was driving the car for his own pleasure and not as agent of defendant or for defendant's purposes, and there is no evidence that defendant knew the driver to be incompetent, defendant may not be held liable.

2. **Appeal and Error J e—**

   Where, upon the uncontroverted facts, plaintiff is not entitled to recover, upon appeal from judgment in defendant's favor, any error in the trial of the cause is harmless and is not sufficient grounds for a new trial.

APPEAL by plaintiff from *Finley, J.,* at January Term, 1934, of YANCEY. Affirmed.

This is an action to recover of the defendant damages for the death of plaintiff's intestate.

It is alleged in the complaint that the death of plaintiff's intestate was the result of personal injuries which were caused by the negligence of the driver of an automobile in which he was riding, and which was owned by the defendant; and that said driver was transporting plaintiff's intestate at the time he was injured as a passenger for and on behalf of the defendant.

In his answer the defendant admits that he was the owner of the automobile in which plaintiff's intestate was riding at the time he was injured. He denies that plaintiff's intestate was injured by the negligence of the driver of the automobile, and that the said driver was transporting plaintiff's intestate as a passenger for or on behalf of the defendant. He alleges that he had loaned his automobile to the driver, and that said driver at the time plaintiff's intestate was injured was driving the automobile for his own and not for the defendant's purposes.

At the close of the evidence for the plaintiff the defendant moved for judgment as of nonsuit. The motion was denied.

The issues submitted to the jury were answered in accordance with the contentions of the defendant.

From judgment that plaintiff recover nothing of the defendant the plaintiff appealed to the Supreme Court, assigning errors in the charge of the court to the jury.

*Charles Hutchins and Edward H. McMahan for plaintiff.*
*Merrimon, Adams & Adams for defendant.*

CONNOR, J.    All the evidence at the trial of this action showed that the defendant was the owner of the automobile in which plaintiff's intestate was riding at the time he was injured; that the defendant had loaned his automobile to the driver to go to a baseball game; and that plaintiff's intestate was riding in the automobile at the time he was injured as the guest of the driver.    There was no evidence tending to show that the driver of the automobile was the agent of the defendant, or that he was transporting plaintiff's intestate as a passenger for or on behalf of the defendant.    For this reason the defendant is not liable to the plaintiff in this action.    *Tyson v. Frutchey,* 194 N. C., 750, 140 S. E., 718.    In that case the principle is approved that when a motor car is used by one to whom it was loaned, for his own purposes, no liability attaches to the lender, unless, possibly, where the lender knew that the borrower was incompetent, and that injury might occur while he was using the car, because of his incompetency.    See *Reich v. Cone,* 180 N. C., 267, 104 S. E., 330.

Conceding, therefore, without deciding, that there were errors in the instructions of the court to the jury, as contended by plaintiff on her appeal to this Court, we are of opinion that such errors do not entitle plaintiff to a new trial.    The judgment is affirmed on the authority of *Rhodes v. Upholstery Co.,* 197 N. C., 673, 150 S. E., 193, and *Steel Co. v. Rose,* 197 N. C., 464, 149 S. E., 555.

Upon the uncontroverted facts, as shown by the evidence offered by the plaintiff, she is not entitled to recover in this action, and any error committed by the court in the charge to the jury was harmless.    *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32.

The judgment is
Affirmed.