STEPHEN G. DOBIAS AND WIFE, GRACE DOBIAS, v. C. S. WHITE AND WIFE, GEORGIA M. WHITE.

(Filed 13 October, 1954.)

**1. Pleadings § 22b—**
　　G.S. 1-167 relates to amendment out of term and in the absence of a judge, and does not limit the authority of the presiding judge to allow an amendment under G.S. 1-163 at term after the cause is calendared for trial and without notice to the adverse party.

**2. Appeal and Error § 29—**
　　Assignments of error not discussed in the brief are deemed abandoned.

**3. Husband and Wife § 13a (3): Principal and Agent § 7d—**
　　Where the wife claims the benefits of negotiations conducted by her husband on the theory that he was her agent therein, she may not disavow his agency in the premises to avoid the burdens.

**4. Evidence § 13—**

Confidential communications made to an attorney in his professional capacity by his client are privileged, and the attorney cannot be compelled to testify to them unless his client consents.

**5. Same—**

Only confidential communications between attorney and client are privileged, and if it appears by extraneous evidence or from the nature of the transaction or the communication that they were not regarded as confidential, or that they were made for the purpose of being conveyed by the attorney to others, they are not confidential and are not privileged.

**6. Same—**

As a general rule, where two or more persons employ the same attorney to act for them in some business transaction, their communications to him are not ordinarily privileged *inter sese.*

**7. Same—**

It being apparent in this case that the communications by plaintiff to his attorney were made for the very purpose of having the attorney relay the information to defendants, evidence thereof was competent, and the fact that the witness voluntarily incorporated in his answer other matters technically violative of the privileged communication rule will not affect this result when such other matters are collateral to the issue and could not have been prejudicial.

**8. Accord and Satisfaction § 2: Mortgages § 27—**

Defendants set up a verbal agreement under which defendants were to convey certain lands to plaintiffs in satisfaction of notes secured by a mortgage executed by defendants to plaintiffs. *Held:* If, pursuant to this agreement, defendants execute and deliver deed to the agent of plaintiffs and the deed is accepted by plaintiffs' agent, the contract of accord and satisfaction is fully executed, and the debt is paid and satisfied in full *eo instante* the deed is delivered and accepted, entitling defendants to the surrender of the notes and the cancellation of the mortgage.

**9. Frauds, Statute of, § 9—**

The Statute of Frauds has no application to a fully executed or consummated contract, but may be invoked only to prevent the enforcement of executory contracts.   G.S. 22-2.

**10. Mortgages § 30a—**

Upon the satisfaction of a debt secured by a mortgage, the trustee is divested of authority to foreclose the instrument, and his deed executed pursuant to later foreclosure conveys nothing.

**11. Accord and Satisfaction § 2: Mortgages § 27—**

Defendants set up a verbal agreement under which defendants were to convey certain land to plaintiffs in satisfaction of certain notes secured by a mortgage executed by defendants to plaintiffs. *Held:* The agreement is executory until plaintiffs accept the deed pursuant thereto, and if defendants execute the deed and deposit it with an attorney for delivery to and acceptance by plaintiffs, but plaintiffs refuse to accept the deed from the attorney, the agreement remains executory, and plaintiffs' plea of the

Statute of Frauds is a valid and complete defense to its enforcement. G.S. 22-2.

**12. Appeal and Error § 40d—**

Ordinarily, where there is sufficient evidence to support the court's findings of fact and such findings constitute sufficient predicate for the judgment, the judgment will be affirmed even though the theory on which the lower court bases its judgment is erroneous. But this principle does not apply when the appellee has not alleged the facts necessary to support the judgment upon the applicable theory.

**13. Pleadings § 24—**

Proof without allegation is just as fatal as allegation without proof. Both are required.

**14. Appeal and Error § 23—**

An assignment of error must present a single question of law for consideration of the Court, and while more than one exception may be grouped under one assignment of error if all the exceptions relate to a single question of law, the grouping of exceptions which present different questions of law under a single assignment of error constitutes it a broadside assignment of error.

**15. Appeal and Error § 50—**

Where the findings of fact of the lower court are too conflicting to support the judgment, the cause will be remanded for a rehearing.

APPEAL by plaintiffs from *Moore (Dan K.), J.,* June Term 1954, McDOWELL.

Civil action to recover amount alleged to be due on four promissory sealed notes.

This cause was here on a former appeal from a judgment on the pleadings in favor of the plaintiffs. The defendants admitted the execution of the notes sued upon, and the court below held that the facts pleaded by the defendants do not constitute a valid affirmative defense to plaintiffs' action. We reversed. All the pertinent facts up to the time of that appeal are stated in our opinion in *Dobias v. White,* 239 N.C. 409.

Thereafter, defendants, by leave of court, filed an amendment to their answer in which they allege the foreclosure of the deed of trust executed to secure the payment of the notes sued upon and the purchase of said land by plaintiffs at said sale. They assert that their right to a decree of specific performance of the alleged contract of accord and satisfaction has been defeated by said foreclosure. They pray damages for the breach of said contract.

Plaintiffs amended their complaint so as to allege the last two of the series of four notes executed by defendants. They likewise filed a reply to the answer in which they deny the agreement of accord and satisfaction asserted by defendants and plead the Statute of Frauds.

When the cause came on for trial in the court below, the parties waived trial by jury and agreed that the judge presiding should hear the evidence, find the facts, and render judgment thereon.

The court found as a fact that the parties, prior to 7 August 1952, entered into an agreement "whereby it was UNDERSTOOD AND AGREED that if the defendants would execute a deed to the plaintiffs for the property described in the deed of trust mentioned in the pleadings, and deliver said deed to Paul J. Story, the plaintiffs would accept said deed in full satisfaction of the four (4) notes mentioned in the plaintiffs' Complaint, and would cancel said notes and said deed of trust." (Finding of fact No. 1.)

It further found: "2. That during all of the negotiations relative to the Agreement mentioned under No. 1 above, the plaintiff STEPHEN G. DOBIAS was acting as Agent for his wife, the plaintiff GRACE DOBIAS.

"3. That the plaintiffs, prior to the execution of the deed from the defendants to the plaintiffs, dated August 7, 1952, constituted and appointed PAUL J. STORY, as their Agent, to prepare said deed, and after the same was signed by the defendants, to accept delivery of the same for and on behalf of the plaintiffs.

"4. That the deed above mentioned was executed by the defendants and delivered to PAUL J. STORY, as Agent for the plaintiffs."

It also found that plaintiffs had breached the agreement of accord and satisfaction by refusing to accept the deed, surrender the notes, and cancel the trust deed of record (Findings Nos. 5 and 6); that they have procured the foreclosure of the trust deed and now hold title to the land under a foreclosure deed; that defendants are indebted to plaintiffs in the sum of the balance due on said notes; and that defendants have suffered damages in the identical amount by reason of the breach of said agreement by plaintiffs. It thereupon entered judgment "that the plaintiffs recover nothing of the defendants, and that the defendants recover nothing of the plaintiffs, on account of the matters and things set forth in the pleadings filed in this cause, and that the costs of this action be taxed against the plaintiffs." Plaintiffs excepted and appealed.

*E. C. Carnes and William C. Chambers for plaintiff appellants.*
*Proctor & Dameron for defendant appellees.*

BARNHILL, C. J. The plaintiffs assign as error the order of the court permitting defendants to file an amendment to their answer after the cause was calendared for trial and without ten days' notice to them. This exception is without merit. G.S. 1-167, upon which plaintiffs rely, was enacted to meet the specific situations therein recited and to provide a method for obtaining leave to amend a pleading out of term and in the

absence of a judge. G.S. 1-163 vests in the judge presiding almost un-limited authority to permit amendments either before or after judgment. The court below acted well within the authority thus conferred upon it in permitting the amendment in question. *Light Co. v. Bowman,* 231 N.C. 332, 56 S.E. 2d 602; *Comr. of Banks v. Harvey,* 202 N.C. 380, 162 S.E. 894.

The evidence discloses that the *feme* plaintiff was present only at the time of the original transaction between Dr. Dobias and defendants, and that thereafter he alone dealt with defendants, either directly or through his attorney. The court found as a fact "that during all of the negotia-tions relative to the Agreement mentioned under No. 1 above, the plaintiff STEPHEN G. DOBIAS was acting as Agent for his wife, the plaintiff GRACE DOBIAS."

Plaintiffs undertake to except to this finding of fact. However, they do not in their brief discuss it or cite any authority in support thereof. In thus abandoning this assignment of error they are well advised. The *feme* plaintiff executed the original deed and accepted the mortgage notes of defendants in part payment of the purchase price. She is now in court seeking to reap the benefits of that transaction. In so doing she alleges in her reply that the negotiations conducted by her husband were her negotiations and his action was her action. She cannot claim the benefits without assuming the burdens. *Herndon v. R. R.,* 161 N.C. 650, 77 S.E. 683; *Rudasill v. Falls,* 92 N.C. 222. Simple justice and fair play deny her the right, under these circumstances, to disavow his agency. Indeed, she did not attempt to do so in her pleadings.

Plaintiffs assign as error the admission, over their objection, of evi-dence of communications between Dr. Dobias and Mr. Story, his attorney, as pointed out by their exceptions 2 to 9, both inclusive, for that such communications were privileged, and evidence thereof was not admissible. It is, to say the least, doubtful whether plaintiffs have properly preserved the exceptions which form the bases of this assignment. In any event, they are without substantial merit.

It is an established rule of the common law that confidential communi-cations made to an attorney in his professional capacity by his client are privileged, and the attorney cannot be compelled to testify to them unless his client consents. *Guy v. Bank,* 206 N.C. 322, 173 S.E. 600; *McNeill v. Thomas,* 203 N.C. 219, 165 S.E. 712; *Hughes v. Boone,* 102 N.C. 137 (159); *Jones v. Marble Co.,* 137 N.C. 237; 58 A.J. 214.

But the mere fact the evidence relates to communications between attorney and client alone does not require its exclusion. Only confidential communications are protected. If it appears by extraneous evidence or from the nature of a transaction or communication that they were not regarded as confidential, 58 A.J. 274, or that they were made for the

purpose of being conveyed by the attorney to others, they are stripped of the idea of a confidential disclosure and are not privileged. *Michael v. Foil,* 100 N.C. 178; *Allen v. Shiffman,* 172 N.C. 578, 90 S.E. 577; *Hughes v. Boone, supra; Rosseau v. Bleau,* 30 N.E. 52; 58 A.J. 274; *ibid.,* 215.

Therefore, as a general rule, where two or more persons employ the same attorney to act for them in some business transaction, their communications to him are not ordinarily privileged *inter sese. Carey v. Carey,* 108 N.C. 267; *Michael v. Foil, supra; Allen v. Shiffman, supra; Blaylock v. Satterfield,* 219 N.C. 771, 14 S.E. 2d 817; 58 A.J. 277; Anno. 141 A.L.R. 562.

Plaintiffs in their reply allege that defendants offered to convey the mortgaged property to plaintiffs in full settlement of the mortgage debt but that no agreement was reached such as would constitute a binding contract.

Dr. Dobias testified that defendants offered to convey the mortgaged property to plaintiffs in settlement of the debt evidenced by the mortgage notes; that he agreed and told Mr. Story to prepare the deed; that about two days later he went to Mr. Story's office at which time Story told him he (Story) had the deed ready; and that he then told Mr. Story he had changed his mind about it and "would not cancel the notes in exchange for the deed."

The male defendant testified that he offered to deed the property in exchange for the notes, that shortly thereafter Dr. Dobias told him that he and his wife had decided to accept the proposed settlement, and that he had instructed his attorney "if me and my wife wanted to come down and make him a title, for us to come to his attorney, Mr. Story, and make a deed," and that on 7 August 1952 he and his wife did execute a deed conveying the mortgaged property to the plaintiffs and delivered it to Mr. Story.

Mr. Story testified that both Dr. Dobias and Mr. White told him about the offer of settlement made by the defendants; that later Dr. Dobias called him from Old Fort and "told me that Charlie White had been to see him and he had decided to accept the offer and directed me to prepare a deed for the property to him and his wife"; that Mr. White told him Dr. Dobias had told him (White) he would take the deed in satisfaction of the debt; that he prepared the deed and defendants signed and acknowledged it in his office; that he wrote Dr. Dobias that he had the deed and for him to send the notes and trust deed so that it could be canceled of record at the same time the deed was put on record.

These and other conversations pertaining to the settlement about which these witnesses testified were in no sense privileged communications. The statements made by Dr. Dobias were made for the very purpose of

having the information relayed to defendants. Evidence thereof was clearly competent.

It is true Dr. Dobias testified as to advice given him by Mr. Story and his reason for accepting the offer. But this was voluntarily incorporated in the answer of the witness. And in any event, if it technically violated the privileged communication rule, it was harmless. His statements and conduct respecting the settlement constitute the material part of his testimony which defendants sought to elicit.

When Dr. Dobias notified his attorney that he had changed his mind, the deed had already been executed and delivered to Mr. Story. It was not until several days thereafter that defendants were notified that plaintiffs would not go through with the agreement. So then, all the testimony tends to show that the parties did enter into an agreement of accord and satisfaction. What was the exact nature of that agreement at the time plaintiffs repudiated or attempted to repudiate it? Was the settlement complete so as to discharge the debt, or was it still merely an executory contract to convey the property in satisfaction of the notes? Eventually, upon the answers to these questions the rights of the parties must be made to depend.

Should the contract, which is the real subject matter of this controversy, be classified as an executed or as an executory agreement of accord and satisfaction? On this determinative issue the findings of fact made by the court below may be readily divided into two sections.

If the findings numbered 1 to 4 inclusive are alone considered, the contract was fully executed and the mortgage debt was paid and satisfied in full *eo instante* the deed was delivered to and accepted by the agent of the plaintiffs. *Baird v. Hall,* 67 N.C. 230; *Grandy v. Abbott,* 92 N.C. 33; *Satterfield v. Kindley,* 144 N.C. 455; *Fertilizer Co. v. Smith,* 199 N.C. 722, 155 S.E. 606; *Bailey v. Bishop,* 152 N.C. 383, 67 S.E. 968; *Acceptance Corp. v. Fletcher,* 202 N.C. 170, 162 S.E. 234; *Assurance Society v. Lazarus,* 207 N.C. 63, 175 S.E. 705; *Millhiser v. Marr,* 128 N.C. 318, 130 N.C. 510; *R. R. v. R. R.,* 147 N.C. 368; 2 A.J. 271, sec. 349; 40 A.J. 748, sec. 52, and 756, sec. 60.

The surrender of the notes and the cancellation of the mortgage were not necessary to complete the transaction and make the acceptance of the deed payment of the debt. *Winborne v. McMahan,* 206 N.C. 30, 173 S.E. 278; *Millhiser v. Marr, supra; South v. Sisk,* 205 N.C. 655, 172 S.E. 193.

On the other hand, if the findings numbered 5 to 9 inclusive are accepted, then it was an executory contract which contemplated the conveyance of real estate and is voidable at the option of the party thereto sought to be charged. For convenience of discussion we will treat the

findings in this manner, referring to the first four as findings No. 1 and those numbered 5 to 9 as findings No. 2.

The Statute of Frauds, G.S. 22-2, has no application to a fully executed or consummated contract. *Choat v. Wright,* 13 N.C. 289; *Keith v. Kennedy,* 194 N.C. 784, 140 S.E. 721; *Bailey v. Bishop, supra; Herndon v. R. R., supra;* 2 Williston on Contracts 1552, sec. 528.

It may be invoked only to prevent the enforcement of executory contracts. *Sprinkle v. Ponder,* 233 N.C. 312, 64 S.E. 2d 171; *Bailey v. Bishop, supra; Choat v. Wright, supra; Davis v. Lovick,* 226 N.C. 252, 37 S.E. 2d 680; *Keith v. Kennedy, supra;* 2 Williston on Contracts 1522; 37 C.J.S. 763, sec. 252.

There can be no breach of an executed contract. Therefore, if the facts are as found by the court in findings No 1, then its findings No. 2 to the effect that plaintiffs, by their refusal to accept the deed delivered to the attorney and to cancel said notes and deed of trust, breached said agreement is an erroneous conclusion rather than a finding of fact. These latter findings could not, under those circumstances, be made the basis of a recovery of damages for breach of contract as set forth in finding No. 9.

Furthermore, if the debt was fully satisfied, the trustee was divested of authority to foreclose the trust deed, and his foreclosure deed conveyed nothing. *Blake v. Broughton,* 107 N.C. 220; *Crook v. Warren,* 212 N.C. 93, 192 S.E. 684; *Fleming v. Land Bank,* 215 N.C. 414, 2 S.E. 2d 3; *Burnett v. Supply Co.,* 180 N.C. 117, 104 S.E. 137.

On the other hand, if the deed was merely deposited with Story for delivery to and acceptance by plaintiff, the contract is still executory in nature, and plaintiffs' plea of the Statute of Frauds constitutes a valid and complete defense against its enforcement. G.S. 22-2; *Davis v. Lovick, supra; Keith v. Kennedy, supra; Kluttz v. Allison,* 214 N.C. 379, 199 S.E. 395; *Hall v. Misenheimer,* 137 N.C. 183; 2 Williston on Contracts 1402; 37 C.J.S. 593.

Therefore, it is quite apparent that there is a clear conflict in the two groups of findings. One invokes the application of principles of law entirely different in effect from the other. In one case the contract is fully executed in so far as the Statute of Frauds is concerned. In the other case the contract is still executory and voidable at the option of plaintiffs, *Hall v. Misenheimer, supra; Brown v. Hobbs,* 154 N.C. 544, 70 S.E. 906; *Lewis v. Murray,* 177 N.C. 17, 97 S.E. 750.

We may note in this connection that where the land has been conveyed to the vendee pursuant to an oral contract, the seller may recover from the purchaser the purchase price for the land. *Smith v. Arthur,* 110 N.C. 400; *Satterfield v. Kindley, supra; Bailey v. Bishop, supra; Farmer v. Willard,* 71 N.C. 284; 37 C.J.S. 763, sec. 252.

There is competent evidence in the record to support the court's findings of fact No. 1, and there is sound authority to the effect that where the court below has reached the correct result, the judgment may be affirmed even though the theory on which the result is bottomed is erroneous. *Rankin v. Oates,* 183 N.C. 517, 112 S.E. 32; *Perry v. Surety Co.,* 190 N.C. 284, 129 S.E. 721; *Rhodes v. Upholstery Company,* 197 N.C. 673, 150 S.E. 193; *Steel Co. v. Rose,* 197 N.C. 464, 149 S.E. 555; *Cauble v. Express Co.,* 182 N.C. 448, 109 S.E. 267.

Even so, we may not apply that principle here for the simple reason the defendants do not plead payment of the mortgage debt by the execution and delivery of a deed for the *locus* to the agent of plaintiffs. Instead, they admit the debt, plead an executory contract of accord and satisfaction and the breach thereof by the plaintiffs. *Dobias v. White,* 239 N.C. 409. It is not sufficient that defendants have a valid affirmative defense and can prove it. They must first plead it, then prove it. *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648.

Proof without allegation is just as fatal as allegation without proof. *Ingold v. Assurance Co.,* 230 N.C. 142, 52 S.E. 2d 366. Both are required. *Maddox v. Brown,* 232 N.C. 542, 61 S.E. 2d 613; *Bank v. Caudle,* 239 N.C. 270. Should we affirm the judgment entered, the plaintiffs would be compelled to suffer a judgment against them rendered on a defense of which they had no notice and which in effect is negatived by the allegations contained in the answer. Such is not the way of the Court. *King v. Coley, supra.*

An assignment of error must present a single question of law for consideration by the court. Even so, it is at times entirely proper to group more than one exception under one assignment. The assignments of error on this appeal constitute such a clear illustration of the rule which permits the grouping of several exceptions under one assignment without making the assignment broadside in nature that we pause to call attention thereto by way of *dicta* and for the information of the profession.

"Exceptions are grouped and assigned as error as follows:

"1. . . .

"2. PLAINTIFFS' EXCEPTIONS 2, 3, 4, 5, 7, 8 and 9 (R pp 21, 22, 29, 30, 31). The action of the Court in permitting testimony regarding the privileged communication between plaintiff S. G. Dobias and his attorney Paul J. Story.

"3. . . .

"4. PLAINTIFFS' EXCEPTION No. 10 (R p 36). The action of the Court in finding the facts set forth in paragraphs 1, 2, 3, 4, 5, 6 and 9 of the Judgment, which findings of fact were made in the absence of evidence of the same, or are based upon incompetent testimony.

While the appellants group seven exceptions under their assignment No. 2, this is entirely proper. Each and every exception is directed to the question whether under the circumstances of this case the communications between Dr. Dobias and his attorney are privileged and evidence thereof is inadmissible over the objection of the plaintiffs. Assignment No. 3 is of like import. The six exceptions grouped thereunder are directed to the admissibility of evidence of the parol agreement of accord and satisfaction notwithstanding the plaintiffs' plea of the Statute of Frauds in their reply and their timely objections when the testimony was tendered by the defendants.

On the other hand, while only one exception is listed under assignment No. 4, the plaintiffs seek thereby to challenge the sufficiency of the evidence to support seven separate and distinct findings of fact. The evidence which tends to support one finding is not relied on to support the others. Different evidence relates to different findings. Testimony which tends to establish the agreement does not necessarily show that in accepting the deed executed by the defendants the attorney was acting as the agent of the plaintiffs or that the plaintiffs have breached the agreement. Hence this assignment attempts to raise seven different questions and is therefore nothing more than a broadside assignment of error which is insufficient to bring into focus the sufficiency of the testimony to support any particular finding of fact made by the court below.

As heretofore pointed out, the findings of fact made by the court below are too conflicting to support a judgment. We must therefore vacate the judgment entered and remand the cause for a rehearing. It is so ordered.

Error and remanded.