ARMIJO v. NEW MEXICO TOWN CO.

Filed January 31, 1885.

1. DEED—VAGUE DESCRIPTION—RULE OF EVIDENCE.
   If the description of the premises given in a deed affords sufficient means of ascertaining and identifying the land intended to be conveyed, it is sufficient to sustain the conveyance, and a deed containing such a description may properly be admitted in evidence.

2. SAME—PAROL EVIDENCE TO IDENTIFY PREMISES.
   In a deed, that is sufficiently certain which can be made certain by competent evidence. Parol evidence is, therefore, admissible to identify the premises in dispute with the description in the deed.

3. SAME — CONFLICTING TITLES—LACK OF EXECUTION, ACKNOWLEDGMENT, AND RECORD.
   A deed to one party, alleged to antedate a deed to another, yet not on record at the time of the execution and delivery of the latter deed, and bearing no evidence of having been executed or acknowledged, the proof being that the grantee under it had never assumed possession of the premises it concerned, may properly be excluded from evidence.

4. SAME — WORDS "BARGAINED AND SOLD" — STATUTE OF NEW MEXICO — CON-
STRUCTION.
    The words "bargained and sold," contained in a deed, do not, according to
    the strict construction of the statute of New Mexico referring thereto, amount
    to a covenant on the part of the grantor that he was possessed of a valid fee-
    simple title to the premises conveyed; and it is proper that that statute be
    strictly construed.

5. SAME—ACKNOWLEDGMENTS—LAW OF NEW MEXICO.
    The statute of New Mexico (Prince's Laws, 239) cures defective acknowledg-
    ments, but does not supply the want or obviate the necessity of an acknowl-
    edgment.

6. INSTRUCTION—DIRECTING A VERDICT BY COURT.
    It is proper for the court to direct a verdict in all cases when there is no dis-
    puted question of fact to be submitted to the jury.

7. SAME—TEST FOR COURT IN DIRECTING A VERDICT.
    In any case where there is no evidence to warrant an adverse verdict, and
    where the court would feel bound to set aside such verdict if rendered, it is
    proper for the court to direct a verdict for the party entitled thereto.

Appeal from Second judicial district court, county of Bernalillo.

*William B. Childers,* for appellant.

*William Breeden,* for appellee.

AXTELL, C. J.    This is an action for breach of covenant.    The plain-
tiff's declaration alleges that the defendant, by its three several deeds
of conveyance made in the months of February and March, 1881, and
for the consideration named therein, conveyed to the plaintiff certain
lots, pieces, and parcels of ground situate in the town of Albuquerque,
county of Bernalillo, described in said declaration as lots Nos. 18, 19,
20, 21, 22, 23, and 24, in block 11; and lots 15, 16, and 23, in block
12; and lot 12, in block 18, of said town of Albuquerque, according
to a map of said town made by John C. Fulton, filed in the office of
the recorder of said county of Bernalillo on the fifth day of May, 1880.
Copies of the deeds were filed with the declaration, and appear in the
record as exhibits in connection therewith.    They are all in form what
are usually known and described as "bargain and sale" deeds, and
contain no express covenants.    The language used in each of said
deeds to effect the conveyance is as follows, to-wit:    "That the grantor
has granted, bargained, sold, aliened, remised, released, conveyed, and
confirmed, and by these presents does grant, bargain, sell, alien, re-
mise, release, convey, and confirm," unto the grantee the lots and prem-
ises described in the deed.    For a breach of covenant constituting his
cause of action the plaintiff's declaration alleges "that the defendant,
at the time of the making and delivery of the said several deeds, was
not lawfully seized of an estate in fee-simple in and to the said real
property, and had not good right and full power to convey the same."
To this declaration the defendant interposed seven separate pleas,
five of which, in somewhat varying form, alleged and were to the ef-
fect that the defendant was, at the time it executed the said convey-
ances, lawfully seized of an estate in fee-simple in and to the prem-
ises conveyed, and had good right and full power to convey the same.
The other two pleas further averred, in substance, that there had been
no ouster or assertion of a better title to the said property, whereby

the possession of the plaintiff was either disturbed or threatened. The plaintiff replied to the said five pleas, and issue was joined thereon. To the said last-described pleas a demurrer was interposed and sustained by the court, upon the ground that the action was for breach of covenant of seizin, and not for breach of covenant of warranty.

The cause went to trial upon the issues formed by and upon the five pleas to which replications were filed, which were in substance and to the effect that the defendant had performed its covenant, and the only covenant which could be imputed to it or implied from its said deeds of conveyance. The court held that the burden of proof, under the state of the pleadings, was upon the defendant. No point is made upon this ruling, but we are of opinion that it was correct. Defendant then introduced evidence in support of its pleas, and plaintiff thereafter also introduced evidence, both oral and written, and at the close of the trial the court, upon motion of defendant, instructed the jury to find for the defendant, upon the ground that there was no question of fact for the jury to pass upon. The jury rendered a verdict accordingly, and a judgment was thereupon entered for the defendant, from which judgment the plaintiff appealed to this court. No regular assignment of error was filed, but the plaintiff has suggested and discussed numerous propositions and divers alleged errors in the court below in the course of the trial. We agree with the position taken by the counsel for the defendant that the questions necessary to be considered in the determination of this case are—

*First.* Did the court err in admitting as evidence for the defendant the deed of Martin *et al.* to Talbott *et al.?* (Defendant's Exhibit D, page 35 of Record.) *Second.* Did the court err in admitting parol evidence to explain said deed of Martin, and to show that the town lots in question were within the lands conveyed by it? *Third.* Did the court err in excluding the deed of Martin *et al.* to Garcia, (Plaintiff's Exhibit D, Record, p. 73,) and deed of Garcia to Greening? (Plaintiff's Exhibit, Record, p. 95.) *Fourth.* Did the court err in directing a verdict for the defendant?

Another question is presented by the record which is of such importance as to merit serious consideration, and will be considered further on. There can be no serious difficulty, in view of the facts which appear in the record, in correctly answering the foregoing queries. The deed of Martin *et al.* to Talbott *et al.*, the admission of which, as evidence for the defendant, was objected and excepted to, was the foundation of the defendant's title to the premises in question. It was a bargain and sale deed, with special covenant of warranty, and was duly executed January 1, 1880, and properly recorded on the first day of May, 1880. The plaintiff claims, and his ground of objection to the admission of this deed is, that it was absolutely void for uncertainty in the description of the property intended to be conveyed. The language used to describe the premises is as follows:

"A tract or parcel of land situated and being in the county of Bernalillo, territory of New Mexico, known as the place were Jesus Maria Martin resided, being one hundred and thirty-seven yards, from north to south, wide,

containing about —— acres; bounded on the south by the lands of Christiana. Armijo, and on the north by the lands of M. Lopez." .

That such a deed is not void, and may be effectual to convey lands, is too clear, upon reason and authority, to require serious argument. "It is undoubtedly essential to the validity of a conveyance that the thing conveyed must be so described as to be capable of identification; but it is not essential that the conveyance should itself contain such a description as to enable the identification to be made without the aid of extrinsic evidence,"—is the apt language used by the court in *Stanley* v. *Green*, 12 Cal. 166.

The general rule is that if the description of the premises given in a deed affords sufficient means of ascertaining and identifying the land intended to be conveyed, it is sufficient to sustain the conveyance. *Vose* v. *Bradstreet*, 27 Me. 156; *Bosworth* v. *Sturtevant*, 2 Cush. 392; *Eggleston* v. *Bradford*, 10 Ohio, 312. Accordingly, it was held in *Frey* v. *Clifford*, 44 Cal. 343, that a deed of "all the right, title, and interest in Sacramento City, Upper California, consisting of town lots and buildings thereon," was valid and sufficient to convey the lots in controversy. Also, in *Starling* v. *Blair*, 4 Bibb, 289, the court held that a deed of all the lots the grantor owned in the town of Frankfort was good for all the lots that could be identified as belonging to the grantor at the date of his deed. Adjudged cases in which similar conclusions have been reached, and which show conclusively that the deed in question was not void for uncertainty of description, might be cited indefinitely, but it is unnecessary to multiply authorities upon this point; in such cases, that is sufficiently certain which can be made certain by competent evidence. We therefore hold that the deed in question was not void, and was properly admitted in evidence. It necessarily follows from the foregoing that parol evidence was admissible, and was properly admitted, to identify the premises in dispute, and connect them with the deed. Such evidence was not offered and did not tend to vary, modify, or contradict the deed, but simply to apply it to its subject-matter, and to identify the lands intended to be conveyed. That parol evidence is admissible for such purposes has been, we believe, almost uniformly held by courts of the highest character and authority, and is stated as a settled rule by standard authors in elementary works upon the law of evidence. The parol evidence identifies the subject upon which the deed operates, and then the estate passes by force of the deed. In this case, after the introduction of the deed in question, the defendant proceeded to identify by parol evidence the lots in controversy as being within the limits of the place where Jesus Maria Martin resided, and in the opinion of the court which tried the cause, and of this court, proved that the lots described in plaintiff's declaration were a portion of the lands conveyed by the deed of Martin *et al.* to Talbott *et al.*

Mariano Armijo, one of the grantees, testified that the grantor, Martin, lived and had his residence upon the lands conveyed by the

deed at the time of his conveyance of the same to Talbott et al., (Talbott and the witness;) that they measured the land at the time they bought it, and that by such measurement the lots in controversy were included; that the lots in controversy were a part of the land described by Jesus Maria Martin in said deed as the place where he resided. Defendant then showed that Talbott and Armijo conveyed the lands acquired by them from Martin et al. to Huning et al., who in turn conveyed the same to the defendant by deed dated May 8, 1880, and duly recorded on the same day, and proved that the defendant took immediate possession of said lands, including the lots in controversy, by causing them to be surveyed and laid off into lots and blocks as a part of the town of Albuquerque, and a plat thereof prepared and filed in the office of the recorder of Bernalillo county, and proceeded to sell and dispose of the lots, and it nowhere appears that the possession and right of the defendant were questioned in any way until after its conveyance to the plaintiff; how long afterwards, or whether ever questioned except by the plaintiff, does not appear in the record. The defendant having rested, the plaintiff, after introducing his deeds of conveyance from the defendant, offered in evidence the deed of Martin et al. to Juan Garcia, dated March 12, 1864, and recorded August 21, 1880. Upon objection by the defendant, the court excluded and refused to admit said deed in evidence. This deed is marked "Plaintiff's Exhibit D," and we think was properly excluded. It was not recorded at the time the deed of Martin et al. to Talbott et al., under which defendant claimed, was made and delivered, and bore no evidence of having been executed or acknowledged. Neither was it recorded until after the defendant took the land by conveyance from Huning et al. and entered upon the possession thereof. It appears from the evidence that no change of possession followed the alleged execution of the deed to Garcia, who himself testified that he only bought the land and left it in the possession of the alleged grantor. There was no suggestion that either defendant or Huning et al., or Talbott and Armijo, ever had any notice of any kind of the existence of said deed, or of any claim of Garcia to the premises in question, or of any claim adverse to Jesus Maria Martin, whose title is recognized by both parties, and who, according to the evidence, resided upon the lands conveyed by him to Talbott and Armijo at the time of that conveyance, and when they measured and took possession thereof, including the lots in dispute.

The plaintiff claims that "the defect in the acknowledgment of the deed was cured by the act of 1874, (Prince's Comp. Laws N. M. 239,)" but the statute does not have the effect sought to be given it by the plaintiff. That act cures defective acknowledgments; it does not supply the want nor obviate the necessity of an acknowledgment. As between the parties thereto, this deed would doubtless have been admissible, but it clearly could not be received against the defendant in this case; nor could proof that, as a matter of fact, its execution had

been acknowledged, which was offered by plaintiff, make this deed admissible as evidence against the defendant, who was an innocent purchaser without notice, and in possession under valid conveyances, before the deed in question was recorded. We are of opinion that the said deed was not admissible in this case against the defendant for any purpose; and this brings us to the last question necessarily to be determined in disposing of this case, which is as to the propriety of the instruction by the court to the jury to find for the defendant. It is proper for the court to direct a verdict in all cases where there is no disputed question of fact to be submitted to the jury. In any case where there is no evidence to warrant an adverse verdict, and where the court would feel bound to set aside such verdict if rendered, it is folly to submit the case to the jury, and the proper practice, under such circumstances, is for the court to direct a verdict for the party entitled thereto. We think that, in this case, there was nothing for the jury to determine,—no evidence to warrant a verdict for the plaintiff; that the defendant was entitled to a verdict; and that the direction to the jury to find accordingly was correct.

We have thus determined the four material questions above mentioned in favor of the defendant, and of the correctness of the rulings and judgment of the court in this case; but, had our conclusions been otherwise, there is another question presented, which, as before stated, we regard as entitled to serious consideration, and entirely too important to be passed over, and which, in our opinion, entitled the defendant to and required the court to give to the jury the instruction to find for the defendant. There were no covenants expressed in the defendant's deeds to the plaintiff, and no covenants of any character contained therein, except such as could be implied from the conveyances, and the words used therein to effect the conveyance. The plaintiff contends that, under the statute of New Mexico, the use of the words "bargained and sold," in said deeds, amounts to an express covenant, on the part of the grantor, that it was possessed of a valid fee-simple title to the premises conveyed; and it is upon this claim alone that his right of action exists. Unless such covenant is properly to be implied, the plaintiff has no pretense of a cause of action. The language of the statute invoked, or that portion of it material to be considered, is as follows, to-wit:

"The words 'bargained and sold,' or words to the same effect, in all conveyances of hereditary real estate, unless restricted in express terms on the part of the person conveying the same, himself and his heirs, to the person to whom the property is conveyed, his heirs and assignees, shall be limited to the following effect: *First,* if the conveyor, at the time of the execution of said conveyance, is in possession of an unreclaimed title in fee-simple to the property so conveyed; *second,* if the said real estate, at the time of the execution of said conveyance, is free from all incumbrance made or suffered to be made by the conveyor, or by any person claiming the same under him."

It seems to be admitted that this statute was taken from Missouri, and intended to be a copy of the statute of that state; and we think

this is probably the fact. Similar language is used in the Missouri statute, and it is not unlikely that an attempt was made to copy it; but if so, the copyist failed in his purpose, as the material words of the Missouri statute, declaring the effect of the use of the words relied upon, to-wit, "shall be construed to be the following express covenants," are wholly omitted from our statute, and we are asked to supply them by implication and construction, and to give the statute the effect claimed for it by reason of the use of the words mentioned, by intendment as to the intention of the legislature. Such implied covenants, or to imply covenants of an important character from the granting words in a deed, are not favored by the courts. In the language of Chancellor KENT, "to imply such covenant is making those words operate very often as a trap to the unwary." We think such statute must be strictly construed in favor of the person executing the conveyance, from the words of which such covenant is sought to be implied.

In 4 Kent, Comm. 474, the learned author says:

"In Pennsylvania, Delaware, Illinois, Indiana, Missouri, Mississippi, and Alabama, it is declared by statute that the words 'grant, bargain, and sell,' in conveyances in fee, shall, unless especially restrained, amount to a covenant that the grantor was seized of an estate in fee, freed from incumbrances done or suffered by him, and for quiet enjoyment as against his acts; but in *Gratz* v. *Ewalt*, 2 Binn. 95. it was adjudged that those words in the Pennsylvania statute (and the decision will equally apply to the same statutory language in other states) did not amount to a general warranty, but merely to a covenant that the grantor had not done any act nor created any incumbrance whereby the estate might be defeated. Upon this construction the words of the statute are divested of all dangerous tendency, and they amount to no more than did the provision of the English statute of 6 Anne, c. 35, § 30, upon the same words."

And the eminent commentator adds:

"It may not be very inconvenient that those granting words should imply a covenant against the secret acts of the grantor; but beyond that point there is great danger of imposition upon the ignorant and unwary, if any covenant be implied that is not stipulated in clear and express terms."

We fully concur in this view, and would be unwilling to give our statute any broader construction and effect, unless constrained to believe that we could not justly avoid it. This was the interpretation given to similar language in New York prior to the adoption of their Revised Statutes, which effected a change; also in North Carolina and Alabama. *Rickets* v. *Dickens*, 1 Murph. (N. C.) 343; *Powell* v. *Lyles*, Id. 348; *Roebuck* v. *Dupuy*, 2 Ala. 535. And in Mississippi, in *Latham* v. *Morgan*, 1 Smedes & M. Ch. 611, the statute of that state, containing a like provision, was so construed.

There was considerable discussion as to the meaning and effect of a covenant of seizin, and the distinction between seizin and title, but we will not now consider that subject. The claim of the plaintiff is, in substance, clearly, that the effect of the statute is to create a warranty of title by the use of the words "bargained and sold," and we can-

not consent that the statute operates to create any such implied covenant. We go further and hold that by reason of the omission of the operative words of the Missouri and other statutes of like character, that the use of the words "bargained and sold" "shall be construed to be the following express covenants," our statute is so defective as to be practically meaningless; that the legislature failed to intelligibly declare the effect of the use of words; and that the statute is not effective to create the covenant which we are asked to imply from the use of the words "bargained and sold;" and that, therefore, the use of these words has no other or greater effect than was given them by the English statute above quoted.[1] Hence it follows that the plaintiff could under no circumstances be entitled to a verdict and judgment in this case. We find no error in the record to the prejudice of the plaintiff, and the judgment is therefore affirmed.

WILSON, J. I concur in affirming the judgment of the court below, but express no opinion upon the construction of the statute.

[1]Overruled in Douglass v. Lewis, *post*, 345, 9 Pac. Rep. 377.