[No. 2562.     Oct. 6, 1921.]

## TRYONE KNITTING MILLS v. RUBIN.

### SYLLABUS BY THE COURT.

1. The plea of payment is an affirmative defense, and the burden of proof is upon the party interposing this plea.
                                                                    P. 325.
2. Where in a suit for a balance due for goods sold and delivered, the defendant acknowledges the receipt of the goods and their value as alleged, pleads payment, but fails to introduce evidence in support of his plea, judgment for the amount sued upon is properly given for the plaintiff.
                                                                    P. 326.

Appeal from District Court, Chaves County; Brice, Judge.

Action by the Tryone Knitting Mills against Barney Rubin in the justice court, where judgment was rendered against the defendant, and on appeal to the district court and trial de novo judgment was again rendered for the plaintiff, and the defendant appeals. Affirmed.

J. C. Gilbert, of Roswell, for appellant.

Alexander J. Nisbet, of Long Beach, Cal., for appellee.

### OPINION OF THE COURT.

RAYNOLDS, J. This case originated in the justice of the peace court, precinct No. 1 of Chaves county, N. M., where judgment was rendered against the appellant in the sum of $150, balance due for goods sold and delivered. Plaintiff alleged the original bill was for $264, on which $114 had been paid. An appeal was taken to the district court, where upon trial de novo, judgment was again rendered for the appellee, and appellant therefore appealed to this court.

Appellant assigns four errors which may be considered as two propositions: First, that the court below erred in not sustaining his demurrer to the evidence at the close of the appellant's case: and, second, that the court erred in refusing to make findings of fact and conclusions of law as requested by the appellant, the defendant below.

No written pleadings were filed in the justice or the district court, the defense of the defendant being, as stated on page 21 of the transcript, that the defendant did not owe the account.

In our opinion this case turns upon one proposition. At page 39 of the transcript after the close of the evidence for the plaintiff, the defendant by his counsel made the following statement:

"Mr. Gilbert: The contention of the defendant is this: That these were certain goods, amounting to $264 and some cents, shipped to him by the plaintiff in October and November; that these goods were paid for, each and every one that was shipped; that we do not owe them anything for these goods. We do not deny receiving these goods to that amount."

[1] The defendant introduces no evidence to support his plea of payment. The plea of payment is an affirmative defense and the burden of proof

is upon the party interposing this plea.   21 R. C. L. par. 131, and cases cited.

[2]    After this admission was made by the defendant, a motion for judgment by the plaitiff for the amount sued for, if made, could have been properly sustained.   The court did not therefore err in giving judgment for the plaintiff, when the defendant refused to introduce any evidence of payment after having admitted receiving the goods, and also having admitted that they were of the value alleged by the plaintiff.

As this point is decisive of the whole case the other assignments of error need not be considered.

The judgment is therefore affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.