FARMVILLE OIL AND FERTILIZER COMPANY, INC., v. MRS. ELLA A. SMITH, W. A. DARDEN, TRUSTEE, AND MRS. NANNIE QUINERLY.

(Filed 12 November, 1930.)

**Mortgages E b—Upon purchase with separate estate, wife gets good title to note executed by husband and secured by mortgage executed by them both.**

Where the owner of a town lot and farm executes with his wife a first and second mortgage on the town lot to secure, first, his own several notes and, second, their joint note, and the wife purchases with her own money one of the notes secured by the first mortgage and transfers the note to the trustee in a deed of trust on the farm under an agreement that he was to collect the note and apply the proceeds to the satisfaction of the deed of trust: *Held*, the wife acquired by purchase the title to the note secured by the first mortgage, and her transferee acquired the right to collect the same and apply the proceeds under their agreement, and the holder of the second mortgage on the town lot had no right to set off the deficiency at the foreclosure sale of his mortgage against the rights of the wife's transferee.

CIVIL ACTION, before *Small, J.,* at August Term, 1930, of PITT.

David S. Smith owned two tracts of land. The first tract was situated in the town of Greenville, North Carolina, and contained one-half acre, more or less, and the second tract was a farm known as the Ringgold property, lying south of the town of Greenville. On 26 November, 1924, David S. Smith and his wife, Ella A. Smith, executed and delivered six notes of $1,000 each, payable to bearer, and in order to

secure the same executed and delivered to W. A. Darden, trustee, a deed of trust on the property in the town of Greenville, which said deed of trust was duly recorded on 30 December, 1924. Thereafter, on 30 April, 1926, the said David S. Smith and wife, Ella A. Smith, executed and delivered four promissory notes each in the sum of $1,899.22, and in order to secure said notes executed and delivered to D. L. Turnage, trustee, a second deed of trust upon the town property above mentioned, which said deed of trust was duly recorded. The said Smith and wife were also indebted to Mrs. Nannie E. Quinerly in the sum of about $5,400, and in order to secure said indebtedness had executed and delivered a mortgage or deed of trust to said Mrs. Quinerly on the Ringgold farm. Mrs. Ella A. Smith did not sign any of the six $1,000 notes secured by the first deed of trust to Darden, trustee, but did sign the deed of trust. David S. Smith died and thereafter his wife, Ella A. Smith, with her own money paid to the holder of note No. 4, secured by the Darden deed of trust, the amount due thereon and had said note assigned to her in the following language: "This note taken up by and assigned to Mrs. Ella Smith, but it is understood that it is subordinated to notes Nos. 5 and 6 of the same series which are outstanding so that in case of sale the other two notes are to be paid first. In other words, the Nos. 5 and 6 notes take priority as to the security. 2/16/29. W. H. Woolard, agent for holders."

Smith and wife did not pay the note secured by the deed of trust to D. L. Turnage, trustee, and demand was made upon the said trustee to foreclose the deed of trust. The testimony tended to show that Turnage, trustee, before advertising the property discovered that three notes of six thousand secured by the Darden deed of trust had been paid and two of these notes were held by a trust company, and the other note of $1,000 was held by Mrs. Ella A. Smith. Turnage, trustee, talked with Mrs. Smith on 5 December. The evidence further tended to show that Mrs. Quinerly, who held the notes for $5,400 secured by deed of trust on the Ringgold place, was pressing Mrs. Smith for payment of past due interest. Thereupon, on 3 January, 1930, Mrs. Smith transferred to F. G. James, attorney for Mrs. Nannie E. Quinerly, the said $1,000 note held by her with the understanding that Mr. James was authorized to collect the note and apply it on the Quinerly indebtedness. In the meantime Turnage, trustee, was advertising the Greenville property under the deed of trust held by the plaintiff, and said land was sold on 6 January, 1930. After paying the balance of $2,000 due on the first mortgage and certain other charges not involved in this appeal, there was a balance of $2,610.95 due on the indebtedness held by the plaintiff. Whereupon, plaintiff instituted this action to collect from the defendant, Ella A. Smith, the said deficiency of $2,610.95.

Issues were submitted to the jury, and the court charged the jury to answer the first issue in the sum of $7,179.16, the second issue in the sum of $2,610.95, and the third issue, yes. The court answered the fourth issue "No," and the fifth issue, "Yes."

Whereupon, the following judgment was entered: "This cause coming on to be heard before his Honor, Walter L. Small, judge presiding, at the August Term, 1930, of Pitt Superior Court, and a jury, and being heard and issues having been submitted to and answered by the jury, as follows, to wit:

1. At the time of the sale by D. L. Turnage, trustee, referred to in the pleadings, in what amount were D. S. Smith and wife indebted to plaintiff, as evidenced by the notes secured by said trust? Answer: Yes, $7,179.16, with interest from 15 October, 1927, less $61.30 on December, 1927.

2. In what amount is the defendant, Ella A. Smith, indebted to the plaintiff after applying the proceeds of said sale to said notes? Answer: Yes, $2,610.95, with interest from 3 January, 1930.

3. Was the note for $1,000, referred to in the pleadings, delivered by the defendant, Ella A. Smith, to F. G. James, attorney, upon condition that if collected, same was to be applied to the payment of the Quinerly note, and if not collected, no credit was to be made on the Quinerly note? Answer: Yes.

And the court having answered the fourth and fifth issues as follows, to wit:

4. Is the said note of $1,000 a lien upon the property described in the W. A. Darden trust? Answer: No.

5. Is the plaintiff entitled to have the balance of the purchase price paid for the property described in the D. L. Turnage trust applied to the payment of the balance due and owing it by Ella A. Smith, as evidenced by the notes executed to the plaintiff by the said Ella A. Smith and her husband, D. S. Smith? Answer: Yes.

It is now, therefore, upon motion of Harding & Lee, and Albion Dunn, attorneys for the plaintiff, considered, ordered and adjudged that the plaintiff recover of the defendant, Ella A. Smith, the sum of $2,610.95, with interest from 3 January, 1930, and that the balance of the purchase price paid by the plaintiff for the property described in the complaint be, and the same is hereby directed to be applied by said trustee as a payment upon the aforesaid indebtedness found to be due and owing by the said Ella A. Smith to the plaintiff;

And it appearing to the court that all of the indebtedness secured in the trust executed by D. S. Smith and wife, Ella A. Smith, to W. A. Darden, trustee, has been fully satisfied and paid, and that the said notes of $1,000 referred to in the pleadings is the property of the said

Ella A. Smith, and that the plaintiff is entitled to offset the amount due and owing it by the said Ella A. Smith against said note:

It is further considered, ordered and adjudged that said note, by virtue of said offset, has been fully satisfied and paid, and is no longer a lien against the property described in the deed of trust to W. A. Darden, trustee; and the said W. A. Darden, trustee, be, and he is hereby perpetually enjoined from foreclosing said trust; and the said W. A. Darden is hereby directed to mark said deed of trust to him satisfied and cancel the same of record in the office of the register of deeds for Pitt County; and it is further considered, ordered and adjudged that the defendants pay the costs of the action to be taxed by the clerk."

From the foregoing judgment the defendant appealed.

*Harding & Lee and Albion Dunn for plaintiff.*
*F. G. James & Son for defendant.*

BROGDEN, J. The case is this: A married man executed six notes for $1,000 each and secured the same by a first deed of trust upon property in the city of Greenville which said deed of trust was duly executed by both husband and wife. Thereafter, the said parties executed notes aggregating $7,596.88 to the plaintiff and secured same by a second deed of trust upon the same property in the town of Greenville. Three of the notes secured by the first deed of trust were paid and the husband died. Thereafter, the wife, having money of her own, went to the holder of the remaining three notes of $1,000 each and purchased one of the $1,000 notes and had the same duly assigned to her by the holder. The plaintiff held the notes secured by the second deed of trust and default in the payment thereof having been made, demanded that the trustee, Turnage, sell the property under said deed of trust. Pending the advertisement, the holder of an indebtedness made by the husband and wife and secured by a mortgage upon farm land, demanded payment of the notes held by her. Thereupon, the widow transferred the $1,000 note which she owned in her own right to the attorney of the holder of the indebtedness on the farm to be applied as a payment upon said indebtedness when collected. Sale was made by the trustee under the second deed of trust on the town property and after applying the proceeds of the sale, there was a deficiency of $2,610.95 due by the defendant.

The plaintiff contends that the $1,000 note secured by the first deed of trust and purchased by the widow, Ella Smith, was not properly applied as a payment on the Quinerly indebtedness, and therefore the said defendant is deemed to be the holder of said $1,000 note, and, as the defendant, Ella Smith, owes the plaintiff $2,610.95, the said plaintiff is

.entitled to set off said $1,000 note in paying the balance due on the first deed of trust. That is to say, there are three notes ·of $1,000 each secured by the first deed of trust if the note held by the defendant is secured by the lien of the Darden deed of trust. If not so secured, then the plaintiff must pay only $2,000 to discharge the first or Darden deed of trust and thus eliminate the $1,000 note held by the defendant, Ella Smith, and transferred to Mr. James, attorney for Mrs. Quinerly.

The question of law thereupon arises: If the owner and holder of a note properly transfers the same to a creditor with the understanding that the proceeds thereof shall apply as a payment upon the indebtedness of the creditor when collected, does such transfer amount to a payment when the funds are in hand available to pay said note? The defendant,· Ella Smith, purchased the $1,000 note signed by her husband, with her own money, and the same was duly transferred to her. Thereupon, she became the legal owner of said note and entitled to the proceeds thereof. Hence, she had a right to sell, transfer or assign the note. She did assign and transfer the note to Mr. James, attorney for her creditor, Mrs. Quinerly, and authorized him to receive payment thereof and apply same upon the Quinerly indebtedness.

Manifestly the defendant, Ella Smith, being the .owner of the note and having the legal title thereto, transferred the legal title to the attorney for Mrs. Quinerly with the attendant right to receive the proceeds of said note when collected. Therefore, Mrs. Quinerly held a valid note secured by the Darden deed of trust which entitled her to collect the note and apply the proceeds to her indebtedness. The proper transfer of a valid note secured by a deed of trust by the owner and holder of such note cannot in any way affect the lien upon the property securing payment thereof. The agreement of Mrs. Quinerly through her counsel, Mr. James, to apply the proceeds of the note when collected, amounted to payment at the instant the funds were properly available for the purpose of payment. This principle was established by the decision of *Grandy v. Abbott*, 92 N. C., 34. The Court said: "But it was correct to tell the jury that if the money was borrowed by and for the debtor, Abbott, under an express arrangement that it should be for the discharge of the debt of the plaintiff, which the attorney then held for the purpose of collection by plaintiff's authority, the debtor has the right to consider the appropriation made as soon as the money sufficient to discharge the claim was thus raised upon his credit. In this the contract is between the debtor and the attorney and agent of the plaintiff, acting in this for his creditor principal. The case is not unlike one in which a debtor places claims against other persons in the hands of the creditor or of his collecting agent, under an agreement that any money derived from the claims shall go in discharge of the debt. If moneys

sufficient are thus received they are *eo instanti* applied in extinguishment of the debt, precisely as if the debtor had paid the money, for he does thus pay the money as soon as it passes into the hands of the collecting agent, and must be deemed to be thus applied."

Applying the principle of law to the facts, it is obvious that Mrs. Quinerly is the owner of the $1,000 note transferred to Mr. James, her attorney, by the defendant, Ella Smith. Hence the ruling of the trial judge was erroneously made.

The plaintiff invokes the equity of marshaling and setoff, but these equities are not raised by the facts and are not involved in the merits of this controversy. *Harrington v. Furr*, 172 N. C., 610.

Reversed.