392 P.2d 586

Charles S. **LINDBERG** and Keith Worster, a partnership, d/b/a C & K Industrial Service, Plaintiffs-Appellants,

v.

FERGUSON TRUCKING CO., Inc., Jim L. Ferguson and Robert E. Ferguson, as individuals, Defendants-Appellees.

No. 7338.

Supreme Court of New Mexico.

May 25, 1964.

James H. Milling, Aztec, for appellants.

Standley, Kegel & Campos, Santa Fe, for appellees.

CHAVEZ, Justice.

This is an appeal from a judgment dismissing a suit brought to collect upon a promissory note.

Plaintiffs-appellants filed a complaint on August 8, 1960, against defendants-appellees, alleging in two counts: (1) That the defendant Ferguson Trucking Co., Inc. executed a promissory note to plaintiffs in the sum of $6,912.00; that there had been a default in the terms of payment of the note; and that although payment had been demanded, none of the amount of the note had been paid; and (2) that the defendants, Jim L. Ferguson and

Robert E. Ferguson, entered into a written agreement with plaintiffs, guaranteeing the payment of the promissory note set out in the first count of the complaint; that payment had not been made; and that the defendants had failed to pay the amount in question. Judgment was prayed for against Ferguson Trucking Co., Inc. on the first count, and against Jim L. Ferguson and Robert E. Ferguson in their individual capacities on the second count.

The agreement attached to the second count of the complaint recited the execution of the note on December 19, 1957, the liquidation of the assets of defendant Ferguson Trucking Co., Inc. on January 7, 1958, and the desire of the C & K Industrial Service to have a personal endorsement on the note, and then provided:

"1. The undersigned Jim Ferguson and Robert E. Ferguson hereby personally guarantee the payment of the aforesaid note.

"2. That the principal amount of the note of $6,912.00, plus accrued interest of $414.72, plus attorneys fees of $732.67, shall be paid to party of the first part [C & K Industrial Service] on or before January 20, 1959.

"3. In consideration of the aforesaid, party of the first part agrees to withhold further legal action on the note executed by Ferguson Trucking Company, Inc., and further expressly agrees not to interfere in any way with the pending sale of the assets of Ferguson Trucking Company, Inc."

Defendants answered, admitting the execution of the note in question, denied any default, and alleged the following affirmative defenses: (1) That defendants entered into an agreement with plaintiffs on December 26, 1958, and that said agreement amounted to a release of Ferguson Trucking Co., Inc.; (2) that, as an alternative and affirmative defense, by virtue of the preceding agreement and the fact that the sale referred to therein had not yet been completed, the payment is not yet due; (3) that, as an alternative and affirmative defense, defendant Ferguson Trucking Co., Inc. executed and delivered to Wayne Cook Associates, Inc., auctioneers, an assignment of certain monies in escrow with Wayne Cook Associates, Inc.; that such assignment was executed and delivered at the request of plaintiffs and accepted by them, and that their acceptance thereof amounted to a payment, release or satisfaction of the note upon which plaintiffs sued. The assignment reads as follows:

"*AGREEMENT*
"TO: Wayne Cook Associates, Inc.

"This is your authority to deduct from the proceeds of our sale of January 7, 1959, the sum of $8,059.39, and pay such amount to C & K Industrial Serv-

ice of Farmington, New Mexico, c/o their attorney, Oscar L. Donisthorpe, 120 South Commercial, Farmington, New Mexico.

"It is understood that such payment pays in full the obligation of Ferguson Trucking, Inc., Robert E. Ferguson and Jim Ferguson to C & K Industrial Service, in connection with a note executed December 19, 1957.

"It is further understood that said payment of $8,059.39 shall be made from the first money made available as a result of the aforesaid sale.

"Dated this 4th day of February 1959."

Upon trial of the case, the court, in its findings of fact, found the execution of the note; that the parties entered into a written agreement on December 26, 1958, with plaintiffs personally guaranteeing the note executed by Ferguson Trucking Co., Inc.; and further found:

"3. That on February 4, 1959, the defendant Ferguson Trucking Co., Inc., at the request of plaintiffs executed and delivered to plaintiffs a document, prepared by plaintiffs, entitled 'Agreement' being an assignment of the proceeds of a sale of property of Ferguson Trucking Co., Inc., in the hands of Wayne Cook Associates, Inc., Auctioneers, a copy of such agreement being attached to defendants' answer as Exhibit 'A'.

"4. That plaintiffs accepted such assignment and caused the same to be delivered to Wayne Cook Associates, Inc., and the delivery and acceptance of such assignment is payment in full of the note executed by Ferguson Trucking Co., Inc., and the guarantee of Jim L. Ferguson and Robert E. Ferguson."

The court then concluded:

"2. That plaintiffs' complaint should be dismissed for the reason that the note sued upon in Count No. 1 thereof and the agreement sued upon in Count No. 2 thereof have both been paid in full by the acceptance and delivery of an assignment, a copy of which is attached to defendants' answer and marked Exhibit 'A'."

Appellants' point relied upon for reversal reads: "Payment was not proved." Appellants' basic contention is that the agreement in question does not constitute payment as contemplated by law, and that appellees failed to sustain their burden of proof, that the intent of the parties was to accept the assignment (agreement) as payment of the note. Appellants attack the trial court's findings of fact Nos. 3 and 4 and conclusion of law No. 2, hereinbefore quoted. Thus, the question presented is whether the assignment was accepted by appellants as payment.

Appellants argue that the assignment in question was not a payment, but only a mere authorization to an agent (the auctioneers) to pay appellants the sum of money set out therein out of funds not yet available.

In Hanna, v. McCrory, 19 N.M. 183, 141 P. 996, we said:

"* * * The payment could only be made by delivery of the actual cash, or an adjustment of accounts by agreement of the parties, so that the bank would be obligated to the holders of the checks. In other words:

"'[t]o constitute a payment, money or some other valuable thing must be delivered by the debtor to the creditor for the purpose of extinguishing the debt, and the creditor must receive it for the same purpose.' * * * *"

█ The plea of payment is an affirmative defense and the burden of proof is upon the party interposing this plea. Tryone Knitting Mills v. Rubin, 27 N.M. 324, 201 P. 867. See also, McCallister v. Farmers Development Co., 47 N.M. 395, 143 P.2d 597; Auto Finance Company of N. C., Inc., v. McDonald, 249 N.C. 72, 105 S.E.2d 193.

█ The rule is stated in Grady v. Pink Hill Bank & Trust Co., 184 N.C. 158, 113 S.E. 667, 28 A.L.R. 660, where it is said:

"* * * 'The note of a third person given for a prior debt will be held a satisfaction, where it was agreed by the creditor to receive it absolutely as payment, and to run the risk of its being paid. The onus of establishing that it was so received is on the debtor. But there must be a clear and special agreement that the creditor shall take the paper absolutely as payment, or it will be no payment if it afterwards turns out to be of no value. A receipt in full of an account does not establish an agreement on the part of the creditor to accept as absolute payment at his own risk the note of a third person for the debt.' "

See also, First Nat. Bank of Graham, Va. v. Hall, 174 N.C. 477, 93 S.E. 981; Terry v. Robbins, 128 N.C. 140, 38 S.E. 470; 70 C.J.S. Payment §§ 28, 29, pp. 240–241; 40 Am.Jur. § 101, p. 786.

█ It seems clear that mere acceptance by the creditor of an assignment does not constitute a payment in the absence of an agreement or proof of intention to receive it as such. Farmville Oil & Fertilizer Co. v. Smith, 199 N.C. 722, 155 S.E. 606.

█ A careful reading of the assignment shows that on its face it does not extinguish the debt, it merely authorizes the auctioneer

to pay the amount involved from the first monies made available as the result of the sale.

▪ Appellees contend that the trial court's findings of fact Nos. 3 and 4 are supported by substantial evidence. They cite Lumpkins v. McPhee, 59 N.M. 442, 286 P.2d 299, and argue that evidence is substantial if it barely tips the scales in its favor. Ordinarily, this is so, but in a situation such as the one before us, the burden of proof was upon appellees to show by substantial evidence that the assignment made by appellees constituted payment of the note in question and that such was the intention of the parties. We do not believe that appellees have sustained the burden of proof assumed by them.

▪ We have reviewed the record and find that the trial court's findings of fact Nos. 3 and 4 are not supported by substantial evidence and that the trial court erred in the resultant conclusion of law No. 2 and by entering judgment dismissing appellants' complaint.

The cause is reversed and remanded to the district court with direction to enter judgment for appellants and to set appellants' attorney's fees as provided in the promissory note.

It is so ordered.

CARMODY and NOBLE, JJ., concur.