This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DENISE TESSIER; DAVE GOLDFARB; CARL RUDNICK; CHRIS SCHELL; JERINDA SCHELL; GLENDA CARNES; RODNEY CARNES; BRIAN TYREE; SANDRA McDONALD; and JOHN F. HAYES,**

Plaintiffs-Appellees,

v.                                                                                    NO. 31,717

**LAMBERT ENTERPRISES, INC.,**

Defendant-Appellant.

and

**LAMBERT ENTERPRISES, INC.,**

Appellant,

v.                                                                                    NO. 31,992

**DENISE TESSIER; DAVE GOLDFARB; CARL RUDNICK; CHRIS SCHELL; JERINDA SCHELL; RODNEY CARNES; GLENDA CARNES; BRIAN TYREE; SANDRA McDONALD; JOHN F. HAYES; NORTH A MODERN BISTRO, d/b/a STELLA BREW, LLC; ALISA J. YOUNG; FLOYD WILSON; ALAN IVENER and RUTH IVENER; CARLA J. WARD, Trustee of the CARLA JANICE WARD REVOCABLE TRUST, u/t/a dated July 6, 1999; OSCAR MAHLON LOVE, JR. and BEVERLY ANN LOVE, husband and wife; OSCAR MAHLON**

**LOVE, III; JOSEPH M. POLISAR and SHIRLEY E. POLISAR; husband and wife; KIRK E. HACKETT and WINNIE WALTZER-HACKETT, husband and wife; CHARLES W. WILLIAMS, Trustee of the CHARLES W. WILLIAMS REVOCABLE TRUST, dated October 13, 1981 and restated November 19, 1996; RODGER D. BURT and MELANIE A. BURT, husband and wife; GARY L. SPEAR and SUSAN C. SPEAR, husband and wife; RONALD LYNN WOODFIN and MARTHA CLOUD WOODFIN, co-trustees of the RONALD and MARTHA WOODFIN TRUST, dated November 26, 2002; GEORGE C. ANISON and JEAN L. ANISON, co-trustees of the GEORGE AND JEAN ANISON TRUST, dated August 21, 1990, as amended and restated on December 19, 2003; GEORGE A. ANISON; LORNA C. JOHNSON; HARRY C. WHITFIELD and CLARA S. WHITFIELD, his wife, and if deceased, their unknown heirs; ROBERT K. REYNOLDS and FRANKIE M. REYNOLDS, husband and wife, and if deceased, their unknown heirs; JUDY A. FRY, individually and as trustee of the JUDY A. FRY REVOCABLE TRUST, u/t/a dated December 23, 1999; ROBERT D. SHINN and TERRI ANN SHINN, husband and wife; KENNETH E. JONES and PATRICIA A. JONES, husband and wife; and KATHERINE FULLERTON, a widow and surviving spouse of DAN FULLERTON,**

　　　　Appellees.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**C. Shannon Bacon, District Judge**


Modrall, Sperling, Roehl, Harris & Sisk, P.A.
H. Jesse Jacobus, III
Tiffany L. Roach
Jason J. Rudd
Albuquerque, NM

for Appellees

Hunt & Davis, P.C.
Catherine F. Davis
Julie J. Vargas

Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     In this case, we examine the enforcement of a covenant against liquor sales. Plaintiffs claim that Defendant is planning to sell alcohol at a restaurant in violation of the restrictive covenants that govern the property on which it sits.  By answer and countersuit, Defendant claims that Plaintiffs had waived their ability to enforce the restriction by allowing previous alcohol sales on property subject to the same covenants, and the area had changed so significantly since the deed that the restriction was void.  The district court found that Plaintiffs had not waived their right to enforce the covenants, and the area had not changed enough to void the covenants.  We hold that substantial evidence supported the district court's findings that Plaintiffs attempted to enforce the covenants against previous violators, the area is primarily rural, and there was no waiver or significant changes in circumstances to void the deed restriction.  We affirm.

**I.     BACKGROUND**

{2}     The parties do not dispute the basic facts.  Defendant owns property within the boundaries of a 1948 deed that includes a restrictive covenant prohibiting the sale of alcohol on the property.  The deed provides that "no building erected on the premises

shall be used or conveyed to any person or persons for use as a dance hall, night club, or establishment engaged in the sale of alcoholic beverages[.]" The deed also provides:

> If the parties . . . violate or attempt to violate any of the covenants or restrictions . . . , it shall be lawful for any other person or persons owning surrounding or nearby land to prosecute any proceeding at law or in equity against the person or persons violating or attempting to violate any such covenant or restriction and either to prevent him or them from so doing or to recover damages or other dues for such violation.

Plaintiffs own property within the boundaries of the same deed or adjoining it. Defendant was aware of the restriction when it purchased the property. Defendant is violating, or plans to violate, the alcohol covenant by operating a restaurant that serves alcohol.

{3} Prior to Defendant making its plans, there were two violations of the restrictive covenants when two other restaurants on the property covered by the deed served alcohol. Although Plaintiffs did not sue for an injunction against either restaurant at that time, they made other objections. Plaintiffs requested of the State of New Mexico that the liquor license for one restaurant—Not Just Bagels—not be renewed and informed the owners of the property where another restaurant—Backside Bar & Grille—operated regarding the deed restrictions. Not Just Bagels stopped selling alcohol, and Backside Bar & Grille soon went out of business.

2

{4} Plaintiffs sued for a declaratory judgment and injunction to enforce the covenants against Defendant. Defendant counterclaimed and filed its own suit as well, asking the district court to declare that the covenants had been waived. The suits were merged and, at trial, Defendant argued that Plaintiffs had waived their ability to enforce the covenants due to not bringing suit for the previous violations and that the nature of the area had changed so significantly since the deed was written that the restriction was now void. It is undisputed that the area has developed commercially and become more populous in recent decades.

{5} The district court held that Plaintiffs had not waived their right to enforce the covenants, and the area had not changed so radically as to destroy the benefits of the covenants. Defendant appealed, arguing both that substantial evidence did not support several findings, and the court's legal conclusions were in error.

## II. DISCUSSION

## A. Waiver

{6} Defendant's primary argument on appeal is that, by acquiescing to previous violations, Plaintiffs had waived their ability to enforce the covenant against alcohol sales and could not now enforce it against Defendant. They claim that the district court erred in finding that no waiver had occurred. Plaintiffs counter that they adequately protested the previous violations and did not waive their ability to enforce the covenants against Defendant.

3

**{7}** Neither party provides us with a standard of review for waiver. Intent to waive is an issue of fact. *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 28, 137 N.M. 26, 106 P.3d 1273. "In determining whether a [district] court's findings of fact are supported by substantial evidence, we view the evidence in the light most favorable to support the finding, and we do not consider any evidence unfavorable to the finding." *Williams v. Williams*, 1989-NMCA-072, ¶ 7, 109 N.M. 92, 781 P.2d 1170. To the extent that we review the district court's legal conclusion of waiver, "the standard for review is whether the law correctly was applied to the facts, viewing them in a manner most favorable to the prevailing party, indulging all reasonable inferences in support of the court's decision, and disregarding all inferences or evidence to the contrary." *Crutchfield*, 2005-NMCA-022, ¶ 28 (internal quotation marks and citations omitted).

**{8}** In this case, the district court entered a finding of fact that "Plaintiffs did not intend to waive the alcohol restrictions" and then concluded that, as a matter of law, "Plaintiffs did not waive or intend to waive the restrictive covenants." The district court also concluded that "Plaintiffs' failure to prevent all violations of the restrictions against the sale of alcoholic beverages did not constitute acquiescence[,] nor was such failure sufficient to waive Plaintiffs' ability to enforce the covenant against Defendant[]."

4

**{9}** The district court found two previous violations of the covenant had occurred. The first was when Plaintiffs discovered the restrictions during the operation of Backside Bar & Grille and objected to its sale of alcohol. The second was when Not Just Bagels began to advertise beer, to which Plaintiffs again objected. They sought suspension of its liquor license. As these are all issues of fact that are uncontested by Defendant, we defer to the district court's determination that Plaintiffs objected to previous violations of the restriction against alcohol sales. An unchallenged finding of the district court is binding on appeal. *Stueber v. Pickard*, 1991-NMSC-082, ¶ 9, 112 N.M. 489, 816 P.2d 1111. "[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and that the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the findings." *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108. "Unless clearly erroneous or deficient, findings of the [district] court will be construed so as to uphold a judgment rather than to reverse it." *Herrera v. Roman Catholic Church*, 1991-NMCA-089, ¶ 14, 112 N.M. 717, 819 P.2d 264. Defendant did object to some of the district court's further findings that Plaintiffs consistently enforced the restrictive covenants, including the ultimate finding that Plaintiffs lacked the intention to waive the right to enforce the restrictions. However, Defendant sets forth no argument that the findings were unsupported by the record, only challenging the legal conclusions that the actions by Plaintiffs amounted to waiver.

{10}     Although a party may waive its right to enforce a covenant, Defendant failed to show that Plaintiffs did so in this case.  New Mexico courts recognize that "a covenant should not be enforced by one who has acquiesced in prior violations of the covenant." *Heltman v. Catanach*, 2010-NMCA-016, ¶ 23, 148 N.M. 67, 229 P.3d 1239.  "Waiver by acquiescence arises when a person knows he is entitled to enforce a right and neglects to do so for such a length of time that under the facts of the case the other party may fairly infer that he has waived or abandoned such right." *Magnolia Mountain Ltd., P'ship v. Ski Rio Partners, Ltd.*, 2006-NMCA-027, ¶ 29, 139 N.M. 288, 131 P.3d 675 (internal quotation marks and citation omitted). To prove that a party waived the ability to enforce by prior acquiescence, it must be shown "that the party presently trying to enforce the covenant had previously acquiesced in a violation of the same." *Heltman*, 2010-NMCA-016, ¶ 23 (alteration, internal quotation marks, and citation omitted).  In analyzing waiver, we consider whether the enforcing party had "actual or constructive knowledge of the prior violations, the magnitude of the current violation as compared to prior violations, and whether the prior violations were temporary, occasional, or permanent[,]" among other issues. *Id.*

{11}     Waiver of enforcement rights also requires an intention to waive. *Neff v. Hendricks*, 1953-NMSC-060, ¶ 5, 57 N.M. 440, 259 P.2d 1025; *Alamogordo Improvement Co. v. Prendergast*, 1940-NMSC-075, ¶ 16, 45 N.M. 40, 109 P.2d 254 ("Whether the plaintiffs, interveners, and other interested property owners waived

6

these rights was for the [district] court to decide. Surely[,] the rights were not waived in the absence of an intent to waive them."). As noted above, the district court found no intention to waive. This finding is supported by testimony that Plaintiffs re-recorded the deed to put everyone on notice of the restrictions and further legal action was not required to prevent Backside Bar & Grille from serving alcohol because it was obvious that the restaurant was going out of business. Further testimony supports the finding that Plaintiffs objected and took action against Not Just Bagel's liquor license. The restaurant then stopped advertising alcohol. Defendant points to testimony by Plaintiffs that they had eaten at Backside Bar & Grille without noting the testimony that they did so before they became aware of their right to enforce the covenant.

{12} "On appeal, we do not re-weigh the evidence or substitute our judgment for that of the fact-finder, but determine whether substantial evidence supports the result reached." *Dawley v. La Puerta Architectural Antiques, Inc.*, 2003-NMCA-029, ¶ 12, 133 N.M. 389, 62 P.3d 1271. "When the [district] court's findings of fact are supported by substantial evidence, . . . refusal to make contrary findings is not error." *Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 22, 123 N.M. 60, 933 P.2d 859. Defendant presents no authority to support the argument that the filing of a lawsuit is required to establish the requisite intent to enforce a covenant and foreclosing all other means of objection. *Gallegos v. Pueblo of Tesuque*, 2002-

7

NMSC-012, ¶ 40 n.8, 132 N.M. 207, 46 P.3d 668 (noting that, when neither party cites any authority for a proposition, it is presumed that none exists). Because we do not reweigh the evidence, and the record supports the district court's finding that Plaintiffs did not intend to waive their right to enforce the deed restriction, Defendant's argument fails.

{13} Defendant argues that Plaintiffs' objections to liquor licenses are irrelevant to restrictive covenants in deeds, and a lawsuit was the only available method to enforce the restrictions. However, the deed does not restrict the methods by which an owner might seek to enforce the ban on alcohol sales. The deed states that, if the parties or their heirs violate any of the restrictions, "it shall be lawful for any other person or persons owning surrounding or nearby land to prosecute any proceeding at law or in equity" against the violator. Nothing in the deed requires that the neighbors file a lawsuit; it merely allows that they may do so. Because Plaintiffs were not required to file a lawsuit in response to any violation of the restrictions and were free to pursue administrative action with liquor control and protest sales to the violator directly, they did not waive their ability to enforce the restrictions by protesting through other channels than a lawsuit.

{14} Finally, Defendant argues that since some Plaintiffs did not respond to or testify regarding the counterclaim, they waived their ability to enforce the restrictions. Plaintiffs respond that Defendant had the burden of proving an affirmative

8

counterclaim such as waiver, so that any failure to show that every Plaintiff waived the restrictions was the fault of Defendant. First, Defendant's argument loses sight of the fact that the covenants may be enforced by any person who owns land subject to or adjacent to the land conveyed by the 1948 deed. In addition, the burden of proof for an affirmative defense is on the party raising the defense. *Tryone Knitting Mills v. Rubin*, 1921-NMSC-075, ¶ 5, 27 N.M. 324, 201 P. 867. We agree with Plaintiffs that a failure, if any, to show that a partial waiver occurred as to certain property owners rests upon Defendant and would not preclude the rights of any remaining property owners to enforce the deed restriction.

**B.      Substantial Evidence Supports the District Court's Finding of No Change in Condition**

{15}      Defendant next contends that the district court lacked substantial evidence to support its findings that no change in the conditions had occurred that would make the restriction unenforceable, and Plaintiffs suffered irreparable harm from its violation. Defendant points to evidence that the intersections and roads surrounding the property have widened and become much busier than in 1948, more people live in the area, and nearby businesses sell alcohol. Defendant also challenges the district court's legal conclusions that the changes in condition that had occurred did not rise to the level of rendering the restriction unenforceable on the land concerned here. We examine the

evidence supporting each finding and then the district court's legal conclusions based on those facts.

{16} One challenged finding states that "Plaintiffs live in a quiet, rural area, on large parcels of wooded land, with hidden home sites, and dirt and gravel roads." This finding is supported by testimony that Plaintiffs live on large parcels of peaceful and quiet land and as shown by an aerial photograph of the area showing their residences.

{17} Defendant also challenges the district court's finding that the changes that have occurred in the area since the deeds were recorded have not impacted Plaintiffs' properties. The district court supported this finding by referencing photographic exhibits. The photographs show that the properties are set back from the road and the commercial developments on other properties, and it is clear that it continues to be a residential area.

{18} Defendant challenges another finding, arguing that Plaintiffs have not attempted to enforce the unconstitutional racial restrictions in the deed and that this failure to enforce an unrelated restriction is somehow relevant to the other issues in the lawsuit. Defendant fails to support their challenge to this finding with any explanation in their briefing. This Court has no duty to review an argument that is not adequately developed. *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that relied on several factual assertions that were made without citation to the record). We therefore decline to

review any argument that other restrictions in the deed are relevant to whether conditions have changed.

{19} Defendant claims that the district court also erred in refusing to conclude that conditions had changed to an extent that would render the covenants unenforceable. We look to "all conditions relevant to the use of the property" to determine whether a change in conditions warrants that a covenant need not be enforced. *Heltman*, 2010-NMCA-016, ¶ 21. This may include a "relatively broad" range of factors. *Id.* ¶ 22. Defendant relies on *Mason v. Farmer*, which considered population growth, highway expansion, conversion of a park to a school, removal of a fence, and a change from the community consisting only of summer residents to year-round residents and winter tourism. 1969-NMSC-050, ¶¶ 9-10, 80 N.M. 354, 456 P.2d 187. In *Mason*, the court determined that those changes, together with the fact that nearly all property surrounding the area with the restriction was commercial with several motels, were significant enough that it would be inequitable to enforce a covenant preventing trade or commerce on a property. *Id.* ¶¶ 12, 22. In another case, our Supreme Court held that towns necessarily expect development and found "nothing in the evidence to indicate that [the] plaintiff's plans ha[d] been substantially changed by the one saloon on property immediately south of the restricted district." *Prendergast*, 1940-NMSC-075, ¶ 20.

{20}     In this case, the district court found that the highway running past the properties has widened, new subdivisions have been built in the vicinity, a bar a half-mile away, and a gas station across the highway are not subject to the deed restrictions and sell alcohol, but that the essentially residential nature of Plaintiffs' properties have not altered. As we determined above, these findings are supported by substantial evidence and therefore to the extent that Defendant's arguments are based on contrary evidence, we do not need to consider them. The fact that alcohol is sold near the residential properties and more people live in the area does not constitute the same level of change that the properties in *Mason* experienced. We therefore agree with the district court's legal conclusion that evidence of changes do not "defeat the purpose, benefits, or enforceability" of the deed's covenants.

{21}     Although Defendant lists the district court's findings and conclusions about irreparable harm among those they challenge, they present no specific argument on that particular point, and we therefore do not consider them further. *See Headley*, 2005-NMCA-045, ¶ 15. We also note that we have held:

> Where one enters into a restrictive covenant and then breaches it, he will be enjoined, irrespective of the amount of damage caused by his breach, and even if there appears to be no particular damage. The mere breach affords sufficient grounds for granting an injunction and it is not necessary to prove that the injury will be irreparable.

*Wilcox v. Timberon Protective Ass'n*, 1990-NMCA-137, ¶ 35, 111 N.M. 478, 806 P.2d 1068, *abrogated on other grounds by Agua Fria Save Open Space Ass'n v. Rowe*, 2011-NMCA-054, ¶ 22, 149 N.M. 812, 255 P.3d 390.

**C.      Whether Three Plaintiffs Lacked Standing Does Not Affect Whether the Remaining Plaintiffs Could Enforce the Covenants**

**{22}** Defendant argues that three Plaintiffs—Hayes, Tyree, and McDonald—presented no evidence that they had ownership interests in property covered by the restrictive covenants and that, as such, the findings and conclusions do not apply to those three Plaintiffs. Defendant argues that it was error for the district court to reject their proposed conclusion of law that these three Plaintiffs lacked standing and should be dismissed.

**{23}** In their brief, Defendant cites the district court's finding that "Plaintiffs are surrounding or nearby land owners to the [restricted] properties." Although Defendant later challenges that finding, we conclude that they conceded the point by citing to the very fact they challenge. As well, they named all the disputed Plaintiffs as "Defendants" in the countersuit, in which they alleged that all either owned land subject to the deed or adjacent to it. Even if we considered the claim that not all Plaintiffs established ownership of nearby land, it would not affect the fact that several did establish their right to enforce the covenants, which Defendant does not dispute.

13

Because the covenants could be enforced by the remaining Plaintiffs, any failure to establish ownership for every Plaintiff does not affect the outcome and is moot.

**D.      Defendant Fails to Show the Doctrines of Estoppel and Laches Prevent Plaintiffs From Enforcing the Covenants**

{24}     Defendant argues that the doctrines of both estoppel and laches prevent Plaintiffs from enforcing the covenants.  Defendant claims that, because one Plaintiff had patronized the Backside Bar & Grille and ordered alcohol there, he had relied to his detriment on the fact that alcohol was served on the property before he bought it.  However, "estoppel is the preclusion, by acts or conduct, from asserting a right which might otherwise have existed, to the detriment and prejudice of another, who, in reliance on such acts and conduct, has acted thereon."  *C & H Constr. & Paving Co. v. Citizens Bank*, 1979-NMCA-077, ¶ 33, 93 N.M. 150, 597 P.2d 1190 (internal quotation marks and citation omitted).  Defendant does not argue that it was Plaintiffs' fault that they were under this mistaken impression.  Defendant has failed to identify any reliance upon Plaintiffs' previous experiences with Backside Bar & Grille as the basis for its own attempt to violate the deed restriction at the time Defendant acquired the property.

{25}     To the extent that Defendant also raises the issue of laches, we are equally unpersuaded.  Defendant fails to cite any authority for support, so we presume none exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.

14

This Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969.

**E.      Costs**

{26}    Because we affirm the district court's decision, we also affirm its award of costs to Plaintiffs as the prevailing parties.

**III.    CONCLUSION**

{27}    Because Plaintiffs attempted to enforce the covenants against previous violators, the area has not substantially altered from being residential and rural, and the district court's findings are supported by evidence, we affirm.  We also reject Defendant's claims that Plaintiffs are estopped or prevented by laches and determine that, as several Plaintiffs had standing to enforce the covenants, it does not affect the outcome if others did not provide evidence of such.

{28}    **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**



_____

15

**MICHAEL E. VIGIL, Judge**


_____
**TIMOTHY L. GARCIA, Judge**